# Jackman *against* Ringland.

| 4ws149 |
|136  197|

Where the purchase money of land is paid by one and the title taken in the name of another, there is a resulting trust, which the law implies in favour of him who pays the money; and this may be established by parol evidence. But where the purchase is made and the money paid by the same person, and the transaction involves nothing more than the violation of a parol agreement to purchase for another, equity will not decree the purchaser to be a trustee.

**ERROR** to the Common Pleas of *Washington* county.

William Jackman against John Ringland. This was an action of ejectment for 100 acres of land, the original title to which was in William Jackman, the father of the plaintiff, under whom both parties claimed.

The plaintiff was the only son and heir-at-law of William Jackman, deceased, and gave in evidence a judgment of Jacob Vandergrift against William Jackman and others, entered to March term 1816, upon which executions were issued, and levied upon the land in dispute, which was sold by the sheriff in 1819 to John Ringland, the defendant, for $600. The plaintiff then offered to prove by Seth Buffington that he purchased the land at the sheriff's sale for John Ringland, and received the purchase money from him and paid it to the sheriff; that William Jackman remained in possession of the land until he died, which was in 1820; that there was an agreement between Ringland and Jackman that Ringland should purchase the land and hold the title, and that Jackman should be at liberty to redeem it by repaying the purchase money and interest, and a compensation to Ringland for his trouble; that the plaintiff was an infant at the death of his father, and that immediately upon his coming of age, he tendered the purchase money and interest and brought the suit, and now had the money in court ready to pay.

The court below (Ewing, President) rejected the evidence on the ground that if given, it would not entitle the plaintiff to recover.

*Marsh,* for plaintiff in error, argued that parol evidence may be received, to show that a deed absolute upon its face is held in trust for another. 1 *Dall.* 424; 1 *Penn. Rep.* 163, 204; 8 *Serg. & Rawle* 484, 492. Or a deed, though absolute on its face, may be shown to be a mortgage by parol. *Wright's Rep.* 252; 1 *Johns. Chan.* 594; 2 *Johns. Chan.* 189; 4 *Johns. Chan.* 167; 6 *Johns. Chan.* 417; *Ca. Tem. Tal.* 61; 2 *Atk.* 254; 2 *Cow.* 324; 15 *Johns.* 455; 1 *Pow. on Mort.* 120, 125, 151; 5 *En. Con. C. Rep.* 268; 1 *Dall.* 424; 6 *Watts* 126, 407. And if the conveyance was once

[Jackman v. Ringland.]

a mortgage, it must remain so; and upon the tender of the debt and interest upon it, the plaintiff is entitled to recover. 2 *Cow.* 324; 2 *Johns. Chan.* 30; 5 *Johns. Chan.* 497; 7 *Johns. Chan.* 40; 3 *Watts* 188; 6 *Watts* 407; 7 *Watts* 261, 372.

*M'Kennan, contra,* while admitting the principles settled in the cases referred to, contended that they had no application to this case, which was one where the plaintiff seeks to establish a title for himself, predicated upon a parol agreement, in the very face of the statute of frauds and perjuries. There was no consideration for such an agreement as is alleged, and a resulting trust never arises in equity, but upon the basis of a consideration paid. 2 *Watts* 323; 5 *Watts* 391; 9 *Watts* 32; 10 *Watts* 313; 1 *Watts & Serg.* 375.

The opinion of the Court was delivered by

ROGERS, J.—That parol evidence may be received to establish a trust has been repeatedly ruled, but the question is, what is a trust which comes within the principle? It is confined, as I take it, to those cases of resulting trust which arise from an implication of law, as for example, where the money is paid by one, the property purchased and the title taken in the name of another. In such and similar cases, the legal title is in one, the equitable title in another, and to prevent fraud, the fact of payment may be established by parol evidence. Equity will decree the purchaser a trustee for the use of the person who paid the purchase money. But where there is nothing more in the transaction than is implied from the violation of a parol agreement, equity will not decree the purchaser a trustee. These principles are explicitly recognised in *Kisler* v. *Kisler,* (2 *Watts* 323); *Sidle* v. *Walters,* (5 *Watts* 391); *Robertson* v. *Robertson,* (9 *Watts* 32); *Haines* v. *O'Conner,* (10 *Watts* 313); *Bixler* v. *Wilson,* not reported; and in *Fox* v. *Heffner,* (1 *Watts & Serg.* 372.) The latter resembles the present case in all its features. Had it been that Jackman paid the purchase money, it would have been a resulting trust proveable by parol, for it is admitted that parol evidence in a proper case may be received to establish a trust, although the conveyance be absolute on its face. To hold this to be a mortgage, when in truth it is a sale, would be a virtual repeal of the Act of Frauds. Besides, the same attempt was made in *Fox* v. *Heffner,* without success. The fact that the property belonged to Jackman can make no difference. It was a judicial sale, and it would be of the most mischievous consequence if the purchaser at a public sale could at any distance of time have an absolute turned into a defeasible title by parol evidence. If we countenance such a doctrine, in all cases where the property rises in value will the attempt be made. To guard against this inconvenience the statute was made. Besides, such a contract would be unequal, for what remedy would the purchaser

[Jackman v. Ringland.]

have against the former owner? From the very nature of the case, in nine times out of ten, the contract would be all on one side.

Judgment affirmed.