## Bennett *versus* The Dollar Savings Bank.

B. borrowed a certain sum from a bank, and gave his bond and mortgage to secure the loan. He failed to pay, and the bank proceeded to sell, and purchased the property at sheriff's sale. B. alleged that there was a parol contract between the bank and himself, wherein it was agreed that the bank should sell the property and hold it for the benefit of B., and after the payment of his debt, interest and costs, was to return the balance to him. *Held*, that as the bank already had the mortgage upon which it proceeded, and there was no new loan or evidence of other consideration, such contract was not supported by any consideration. *Held, further*, that this contract was not a parol mortgage but a mere parol agreement, the violation of which did not make the bank a trustee for B. by reason of the purchase at the sheriff's sale.

October 11th 1878. Before SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. AGNEW, C. J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1877, No. 172.

Assumpsit by John F. Bennett against The Dollar Savings Bank to recover damages for an alleged breach of contract.

On the 29th of January 1864 Bennett borrowed from the defendant $16,000, giving to the bank his judgment-bond and mortgage in the penal sum of $32,000, conditioned for the payment of the loan on January 29th 1865, with interest, at the rate of eight per

[Bennett v. Dollar Savings Bank.]

centum per annum, payable semi-annually. At the time the mortgage was executed it was the understanding of the parties that the loan might be continued from year to year by payment of the interest half yearly. The property embraced in the mortgage consisted of 220 acres of coal and 160 acres of surface land, and was then worth a large sum of money in excess of the said mortgage-debt, and was rapidly increasing in value.

Bennett paid the first and second half years' interest at maturity, and the parties agreed that the third semi-annual instalment of interest should be paid at the end of the second year.

At the end of the second year, the interest being unpaid, Bennett, it was alleged, entered into a parol agreement with the bank substantially as follows, viz. : that Bennett would let the bank sell the property at sheriff's sale, upon a judgment to be entered on the bond, and purchase it in at the lowest possible price, the bank to hold the property for its security, but, after its claim was satisfied, for the ultimate benefit of Bennett—Bennett, or he and the bank jointly, or failing in jointly doing it, the bank alone, to sell enough of the property to pay off the bank's debt, with interest and costs, when the surplus of money and remainder of property should be restored to Bennett.

Judgment was entered accordingly, and the property sold and bought by the bank for $5300.

Upon the 15th of March 1870 the bank offered the coal at public auction and sold it for $47,050.

The whole claim of the bank against Bennett at the time of this sale amounted to $26,822.03, leaving a surplus out of the proceeds of the coal under the alleged agreement of $20,227.97. Before the coal was sold Bennett had made arrangements to raise money to pay off the bank's entire claim, and offered to pay it; but the bank increased its demands, from time to time, until it reached the sum of $31,600, which Bennett refused to pay.

On the 15th of February 1871 the bank conveyed the 160 acres of surface land, without consideration, to George H. and James K. Bennett (sons of the plaintiff) in trust for themselves, their mother and brothers; and at the same time took a bond of indemnity from the grantees against any claim that the plaintiff might have against the bank on account of this transfer of title.

When the plaintiff had closed his case the defendant moved for a nonsuit on the ground, inter alia, that the plaintiff had not proved a valid and sufficient consideration for the contract. Judgment of nonsuit was entered, and the court in banc, Stowe, P. J., presiding, subsequently refusing to take it off, this writ was taken and this action of the court assigned for error.

*M. W. Acheson, J. W. Kirker* and *Samuel Palmer*, for plaintiff in error.—More is alleged and shown by the plaintiff than a

[Bennett *v.* Dollar Savings Bank.]

mere naked verbal promise by the defendant. The bank was not content to rest upon its legal right to proceed upon its judgment-bond and take its chances of becoming the purchaser of the mortgaged premises as the highest and best bidder at the sheriff's sale. In advance of the sheriff's sale, and even before the entry of the judgment, the bank stipulated for, and exacted from the defendant, acquiescence by him in the proposed proceedings and in the purchase by the bank at the lowest possible price. The undertaking of the defendant was founded upon the two-fold consideration of benefit to the bank and injury to the plaintiff. The injury to the plaintiff is most obvious. His hands were tied by his contract. By reason of it he could not and did not interfere with the judicial proceedings, raise money or procure bidders. The testimony shows that it was in his power to arrest the sheriff's sale and save a large part of his estate by a private sale of a portion. This he forbore to do. The transaction between the plaintiff and the bank was in fact but a mortgage. The arrangement was that the bank should hold the property as security, and only enough be sold to pay off the claim of the bank with interest, costs and expenses. That such a transaction is but a mortgage and may be established by parol evidence is shown by the cases of Maffitt's Administrator *v.* Rynd, 19 P. F. Smith 380; Sweetzer's Appeal, 21 Id. 264; Danzeisen's Appeal 23 Id. 65. Where one procures a title to land which he could not have obtained except by a confidence reposed in him, and abuses the confidence, he becomes a trustee *ex maleficio*: Plumer *v.* Reed, 2 Wright 46; Beegle *v.* Wentz, 5 P. F. Smith 369; Seichrist's Appeal, 16 Id. 237; Boynton *v.* Housler, 23 Id. 453.

*Thomas M. Marshall* and *George T. Oliver*, for defendant in error.—The contract was a *nudum pactum*, and without mutuality. Unless there is more in the transaction than the violation of a parol agreement, equity will not decree the purchaser to be a trustee: Kisler's Appeal, 23 P. F. Smith 398; Kisler *v.* Kisler, 2 Watts 327; Robertson *v.* Robertson, 9 Id. 42; Harvey *v.* O'Conner, 10 Id. 320; Barnet *v.* Dougherty, 8 Casey 371; Kellum *v.* Smith, 9 Id. 158. If a promisee is induced to incur expense or perform some act which otherwise he would not have done, a purchaser may be estopped from denying the trust. But however this may be, mere acquiescence, or omission to take other steps to obtain the property, although induced by the promise, is not available for such a purpose: Jackman *v.* Ringland, 4 W. & S. 149; DeFrance *v.* DeFrance, 10 Casey 385; Sample *v.* Coulson, 9 W. & S. 62; Carhart's Appeal, 28 P. F. Smith 100; Payne's Executors *v.* Patterson, 27 Id. 135. There is no evidence of fraud, which is essential to hold the bank as a trustee *ex maleficio*.

The judgment of the Supreme Court was entered October 21st 1878,

[Bennett v. Dollar Savings Bank.]

PER CURIAM.—Whatever sympathy we may feel for the plaintiff who may have supposed that he had a binding contract with the defendants, we have failed, after a careful examination of all the testimony, to discover any evidence of consideration to support it. That it could not be regarded as a parol mortgage is evident from the fact that there was no new loan, and for their existing debt the defendants already had a regular valid mortgage, duly recorded, on which they proceeded and purchased at a sheriff's sale. The only conceivable purpose of such a new parol mortgage must have been to keep the plaintiff's other creditors at bay or to bar his wife's dower, neither of which could be set up by the plaintiff to raise a trust. There is no evidence of fraud, as there was in Wolford v. Herrington, 24 P. F. Smith 311, where there was a distinct agreement by the purchaser that he would execute a declaration, which he at first evaded, before the acknowledgment of the sheriff's deed and afterwards refused, giving the strongest evidence that he never had meant to execute such a paper. The case before us is entirely within the principle of Jackman v. Ringland, 4 W. & S. 149, Barnet v. Dougherty, 8 Casey 371, Kellam v. Smith, 9 Id. 158, and other cases of that class, which have held that where there is nothing more in the transaction than is implied from the violation of a parol agreement, equity will not decree the purchaser to be a trustee.

Judgment affirmed.