# Cowperthwaite et al. *versus* First National Bank of Carbondale.

1. In an ejectment by the purchaser of lands at sheriff's sale, against the defendant in the execution and his wife who were in joint possession thereof, it is a good defence on the part of the wife, that at the time the judgment was recovered against her husband she owned an equitable interest in the land, and that at the time of the sheriff's sale she was induced to confide in the parol promise of the plaintiff that he would purchase said land at the sheriff's sale for her benefit, whereby she refrained and induced others to refrain from bidding, and the plaintiff purchased the legal title, but subsequently refused to carry out his agreement.

2. Where such a parol agreement is sufficiently proved, the denial of it by the purchaser is such a fraud as will convert him into a trustee ex maleficio.

3. Wolford *v.* Herrington, 5 Norris 39, followed.

4. In proceedings before an alderman by a purchaser at sheriff's sale to recover possession of real estate, in pursuance of the Act of June 16th 1836, and its supplement, the wife of the defendant in the execution filed an affidavit, in arrest of judgment, that she claimed title to the premises under a title not derived from her husband, whereupon the alderman

[Cowperthwaite *v.* First Nat. Bank of Carbondale.]

certified his transcript to the common pleas, and the plaintiff filed a narr. in ejectment.

The said claimant (wife of the defendant in the execution) offered to prove on the trial of the ejectment that when her husband purchased the property she contributed of her own money a large portion of the purchase money, on the agreement that she was to have a distinct estate in the land to the extent of her said contribution; that this fact was known to the plaintiff at and before the sheriff's sale, and the plaintiff agreed to and did purchase the property at said sheriff's sale in her interest, upon the agreement that he would re-convey the same to her, in consideration that she would repay, by installments, the amount of plaintiff's bid, with interest; that in pursuance of this arrangement she and her husband did not bid at the sale, and procured other parties to refrain from bidding thereat; by reason whereof the plaintiff purchased the property at said sale for a grossly inadequate consideration; and plaintiff subsequently refused to re-convey said property, though the defendant had tendered performance of her part of the agreement.

*Held,* that this offer was not inconsistent with the claim of title set up by the defendant in her affidavit filed with the alderman; and that as the facts set forth in the offer amounted to a defence to the action, it was error to reject the offer.

5. Where a plaintiff in ejectment, claiming title as purchaser at a sheriff's sale, has put in evidence the judgment and fi. fa. with waiver of inquisition, under which the sheriff's sale was made, a sheriff's deed to him is admissible in evidence, though it contains upon its face no recital of said judgment and execution.

February 21st 1883.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ.   GREEN, J., absent.

ERROR to the Court of Common Pleas of *Lackawanna County:* Of July Term 1882, No. 65.

This was originally a proceeding before an alderman to obtain possession of real estate purchased at sheriff's sale, pursuant to the Act of June 16th 1836 (P. L. 780) and its supplement of May 24th 1878 (P. L. 134) wherein The First National Bank of Carbondale was plaintiff and Nancy C. Cowperthwaite and James Cowperthwaite her husband, were defendants.

Before the alderman the said defendants filed respectively the following affidavit in arrest of judgment:—

"I, James Cowperthwaite, do swear that I firmly believe that I am legally entitled to the premises in dispute against the First National Bank of Carbondale, the petitioners; that I do not claim the same by, from, or under the defendant (myself), as whose property the same were sold, by any title in me before the sale, but by, from, and under a different title, namely by, from and under Nancy C. Cowperthwaite, and further say not."

"I, Nancy C. Cowperthwaite, do swear that I firmly believe that I am entitled to the premises in dispute, against the First National Bank of Carbondale, the petitioners; that I

do not claim the same by, from, or under, the defendant as whose property the same were sold, but by another and different title, and that I do not claim the same by title derived from defendant subsequent to the rendition of judgment."

The cause was thereupon certified by the alderman to the court of common pleas, and the plaintiff filed a declaration in ejectment, to which the defendants pleaded not guilty, and a verdict and judgment was entered for the defendants, which judgment, upon writ of error, was reversed by the supreme court, and a venire facias de novo awarded. (Reported 10 W. N. C. 532.)

Upon the second trial, before HANDLEY, P. J., the plaintiff having put in evidence the judgment against James Cowperthwaite et al. and the fi. fa. issued thereon, with waiver of inquisition and exemption, under which the premises in question were levied upon, condemned and sold at sheriff's sale to the plaintiff, offered in evidence a deed from the sheriff of Luzerne County to James Stott, Cashier, dated May 16th, 1878, for the premises in question. Objected to, on the ground that the said deed upon its face shows no authority for making it; it recites no inquisition or waiver of inquisition, or condemnation. Objection overruled and deed admitted. Exception. (First assignment of error.)

The defendants made the following offer of evidence :—

" To prove by the witness on the stand (James Cowperthwaite), that in March 1878, when the real estate of James Cowperthwaite, comprising the land in dispute and three other pieces of land, were, or were about to be, levied upon and sold by the sheriff, that Wm. W. Bronson and James Stott, together and separately made an agreement with Nancy Cowperthwaite, that Bronson, representing the plaintiff, should bid in the farm, or land in dispute, and upon a deed being made to him or the bank, the purchaser should re-convey the same to the said Nancy Cowperthwaite ; that upon such conveyance by deed, the said purchaser should convey to the said Nancy Cowperthwaite, who was to pay one thousand a year to the purchaser until the amount of the bid was paid, with interest, and a reasonable compensation to said Bronson for his trouble ; that this arrangement was made with the consent and approbation of James Cowperthwaite, and was accepted by Nancy Cowperthwaite ; that to carry out this agreement James Cowperthwaite was not to fight the sale, or interfere with the same ; that Bronson represented that in carrying out this agreement by the medium of a sheriff's sale, the property could be bought in for some $3,000 or $4,000 ; this to be followed by evidence that after said agreement was made, and before the sale, it was represented and held out by both Bronson and Stott, repre-

[Cowperthwaite *v.* First Nat. Bank of Carbondale.]

senting the bank, that they were going to bid off the property for Nancy Cowperthwaite, and that by reason of such representations certain parties refused to bid who otherwise would have bid a much larger sum than the amount it was struck down at; that the value of the property at the time of the sale was about $14,000 ; that a number of times after the sale said Bronson and Stott said to different parties that the sale was made, and the property was bid off for the benefit of Nancy Cowperthwaite and her family; that Nancy ·Cowperthwaite soon after the sale, and several times since, has gone to the plaintiff and signified her readiness and willingness to carry out said agreement, and is ready, willing and able to do so now. And that the said Bronson or the bank never repudiated said agreement until after the sheriff's deed was delivered to the plaintiff, but that ever since the plaintiff has fraudulently refused to carry out the agreement.

And further, the defendants propose to prove that at the time of the purchase of the property now in dispute, the said Nancy Cowperthwaite was possessed of a large amount of money, to wit : $1,000 ; that in paying the purchase money for the property in dispute she, herself, paid to the vendor of it a large part of the purchase money; that this money, paid by her, was owned by her in her own right; that at the time there was an arrangement between her and James Cowperthwaite that she should have a distinct interest in the property to the amount of money that she had advanced and paid towards the purchase; that at a number of times before the sale to the bank, and at the time of the conversation above referred to, it was represented to and made known to the said Wm. W. Bronson, in connection with this sale, that the said Nancy Cowperthwaite claimed, and had an interest in the said real estate, by virtue of her said paying the purchase money therefor; that she refused the said Bronson to make any private sale to him for the property, or to allow any consentable sheriff's sale to take place, by reason of her paying said purchase money, unless said sheriff's sale should be to her benefit.

Objected to : *First,* because the offer is inconsistent with the claim made by Mrs. Cowperthwaite before the alderman : *Second,* because there is no consideration for the agreement mentioned in the offer—it is nudum pactum : *Third,* the offer does not propose to prove a tender of the amount agreed upon to be paid by the defendants, or either of them, for the land, or any portion or installment of it.

THE COURT : I cannot see possibly how we can admit this evidence under the present showing in this case. The supreme court decision in this case is very clear what the defendants may show upon this trial; but, as I understand it, she is now

prevented from showing anything except as set forth in her claim made before the alderman or justice of the peace. Whatever title Mr. Cowperthwaite had, these parties acquired it by the sheriff's sale, and therefore are entitled to the possession of the property. Upon another ejectment of course whatever questions that are outstanding between these parties can be tested, but not in this case, as I understand it by the decision of the supreme court.

Exception. (Second assignment of error.)

The court charged the jury as follows:—

"This is an action of ejectment brought in this court by proceedings commenced before one of the aldermen of this county; the rule is that where the case is brought in by a plea under the Act of 1836, the party is confined to the defence he made before the alderman. Whatever outstanding equities may exist between the parties cannot be tested in a proceeding of this kind. There therefore remains nothing for you to do save only to put your heads together and agree upon a verdict for the plaintiff for the land described in the writ. You may do so without leaving the box." (Third and fourth assignments of error.)

Verdict accordingly, for the plaintiff, and judgment thereon. The defendants took this writ of error, assigning for error the rulings upon evidence and the charge of the court as above set forth.

*E. Robinson,* for the plaintiffs in error.

*S. B. Price,* for the defendant in error.

Mr. Justice CLARK delivered the opinion of the court, April 2d 1883.

When this case was here before (10 W. N. C. 532), it was not in proof that Mrs. Cowperthwaite alleged any other title, than such as she claimed to arise from the parol contract, which she claimed to have made with the officers of the Carbondale Bank, to purchase the property for her at the sheriff's sale. She was, of course, the wife of the defendant in the execution, and had a prospective dower interest, contingent upon her surviving him. She did not then offer to show that she had paid any part of the purchase money on the original purchase of the land by her husband, or that she had any present subsisting interest in the land whatever. She was, therefore, so far as the case then appeared, a stranger to the title. GREEN, J., in delivering the opinion of the court, says:—"The case is therefore the ordinary one of a parol agreement by one, to purchase land for another at a sheriff's sale, followed by a breach of the contract

[Cowperthwaite *v.* First Nat. Bank of Carbondale.]

to convey on the part of the purchaser, in which case, it has been uniformly held that no resulting trust arises, unless the promisee had furnished the purchase money in whole or in part, or had, at the time of the contract an actual estate or interest in the land, or a bona fide claim thereto." The judgment of the court below, in favor of Mrs. Cowperthwaite, on that trial was therefore reversed and a new trial awarded.

At the second trial of the cause Mrs. Cowperthwaite offered to prove substantially as follows : —

That at the time of the purchase of these lands by her husband, she was possessed of $1,000, in her own right, and from this she paid a large part of the purchase money; that at the time it was paid it was agreed, she should have a distinct interest or title in the property, to the extent of her contribution to the purchase ; that this title was subsisting at the date of the sale, and the fact was made known to the bank at that time ; that she refused to release her interest, or allow a consentable sheriff's sale, unless the same was made for her benefit, and the bank, thereupon, agreed to purchase the property and convey the same to her on certain definite terms then agreed upon ; that the bank officers represented that they were buying the property for Mrs. Cowperthwaite, and by reason thereof, others refused to bid at the sale who otherwise would have bid a larger sum than the land sold for ; that the bank became the purchaser at an undervalue, and afterwards admitted the purchase in her interest and that although she was willing and ready to comply with the agreement on her part, the bank fraudulently refused to carry out the same. We are of opinion that the refusal of this offer was error.

If the facts alleged were sufficiently proved, she would have, or appear to have, a bona fide claim to an interest in the land ; such an interest as she might at a proper time be able to enforce in equity against her husband or those representing him. The case comes, therefore, within the ruling of Walford *v.* Herrington, 5 Norris 36, where it was held, SHARSWOOD, J., " where one, not the defendant, having any interest in lands, is induced to confide in the verbal promise of another that he will purchase for the benefit of the former at a sheriff's sale, and, in pursuance of this, allows him to become the holder of the legal title, a subsequent denial by the latter is such a fraud as will convert the purchaser into a trustee ex maleficio." The claim of title may not be a valid one, but if it is made bona fide, the claimant has a right to protection against the fraud of the purchaser.

To the same effect are the cases of Beegle *v.* Wentz, 5 P. F. Smith 369, and Boynton *v.* Housler, 23 P. F. Smith 453.

Mrs. Cowperthwaite lived upon the lands with her husband,

and the facts offered to be proven, should, we think, have been submitted to the jury.

Had Mrs. Cowperthwaite been a stranger to the title, the contract alleged would have fallen within the provisions of the statute of frauds and perjuries, as we have held in Jackman v. Ringland 4 W. & S. 149; Barnet v. Dougherty, 8 Casey 371; Kellum v. Smith, 9 Casey 158, and that class of cases.

It is objected however that the defence set up in this offer is inconsistent with that made in the summary proceeding before the justice of the peace. At the hearing there, James Cowperthwaite, to prevent judgment, interposed his affidavit, under the Act of June 16th 1836, which was to the effect that he did not claim the premises in his own right, but under the title of his wife, Nancy C. Cowperthwaite. She, also, submitted a similar affidavit, in which she states that she firmly believes she is entitled to the premises in dispute, against the First National Bank of Carbondale, that she does "not claim the same by, from or under the defendant (her husband) as whose property the same were sold, but by another and a different title," and that she does "not claim the same by title derived from the defendant, subsequent to the rendition of the judgment." The offer above referred to is in no way inconsistent with the claim here set forth, the precise nature of which is however not disclosed in the affidavit. She very distinctly declares, however, that she does not claim title by, from or under her husband, but by another and a different title. Her claim as set forth in the offer is not by, from or under her husband; but by and from the payment by her of the purchase money. Her title, if she has any, is not subordinate to, or derived from his, but is co-ordinate with and independent of that title. Her title, as alleged, was not created by decent or purchase from him but by act and operation of law, resulting from the payment of the purchase money, at the original purchase. She does not claim therefore by, from or under him, or his title, but under her own, a different title not evidenced by his deed, but established by parol.

The first assignment of error is without merit, as the waiver of inquisition was contained in the record offered in evidence preliminary to the introduction of the deed; the mere fact that the waiver was not covered by the recitals of the deed is a matter of no consequence.

Under the 2d, 3d and 4th assignments, for the reason already given, the judgment is reversed and a venire facias de novo awarded.