## MORRIS NEIMAN *vs.* BEACON TRUST COMPANY.

Suffolk.    November 12, 1897. — March 2, 1898.

Present: ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Joint Deposit in Bank — Wrongful Payment of Deposit to one Depositor —*
*Liability of Bank to other Depositor.*

Where a deposit is made with a banker in the names of two persons jointly, with a provision that no payment shall be made from the same except upon their joint checks, and with no mention of the amounts of their respective shares or interests therein, and no stipulation to prevent a change in those shares or interests without notice to the banker, the latter, if he wrongfully pays out the whole deposit to one of the depositors, is liable to the other for the amount of his actual interest therein at the time of such payment, although such interest is greater than it was at the time when the deposit was made.

CONTRACT, to recover the amount of a deposit. The case was submitted to the Superior Court, and, after judgment for the plaintiff in the sum of $464.77, to this court, on appeal, upon agreed facts, in substance as follows.

The defendant, a banking institution established under the laws of Massachusetts, authorized to receive money on deposit and subject to check, on August 6, 1896, received on deposit the sum of $600 in the joint names of the plaintiff and Rebecca M. Feldman, and so entered the deposit to the credit of " Morris Neiman and Rebecca M. Feldman " on its books, and issued a deposit book in such joint names, and then agreed that no payment of the deposit or any part thereof would be made except upon the check of both depositors, signed by both of them in their joint names.

On August 18, 20, and 24, 1896, the defendant, by reason of the representation of Feldman that she had become the sole owner of the deposit, and that she was entitled to draw out and receive the whole amount, wrongfully paid to her the entire deposit of $600, without any authority or consent of the plaintiff. The defendant admits its wrongful payment of the joint deposit to Feldman, and admits its liability; the amount for which the plaintiff should recover judgment is the only matter in controversy in this action.

The plaintiff and Feldman, at some time prior to the deposit in question, had become engaged to marry under a certain Jewish custom which was evidenced by an agreement in writing, and which, among other things, provided that, in case the agreement was broken by either party, such party should forfeit to the other one half of the amount put by that party into the joint deposit. It is admitted that Feldman broke the engagement, and it is also admitted that the defendant had no knowledge of the marriage agreement or the breach thereof until this action was brought, and until after the money was paid over as above stated.

It is agreed that at the time of the deposit the plaintiff owned one half of the deposit, and Feldman owned the other half; but at the time of the wrongful payment by the defendant, the plaintiff contends that he was then and thereafter the owner of three fourths of the deposit, by virtue of the marriage agreement, namely, $450, and Feldman was the owner of one fourth of the deposit, namely, $150.

The plaintiff contends that he is entitled to judgment for $450; and the defendant contends that it is liable for only the sum of $300.

*M. Dolan,* for the defendant.

*J. H. Appleton,* for the plaintiff.

ALLEN, J. The defendant does not deny that the plaintiff is entitled to sue alone. *Boston & Maine Railroad* v. *Portland, Saco, & Portsmouth Railroad,* 119 Mass. 498. The only question is as to the amount which the plaintiff is entitled to recover.

The deposit was made jointly. At the outset each depositor owned one half of it. But it does not appear that the defendant was aware of this. The defendant made no inquiry, and no stipulation to limit the amount of its liability in case of a wrongful payment by it. Ordinarily, a party should be allowed to recover according to his actual interest at the time of the payment. If the actual interest of the plaintiff had become reduced to a quarter or an eighth of the deposit, it would be a hardship to compel the defendant to pay to him a full half, merely because he had owned one half at the outset. Since it happens that his interest has increased in amount, it is no hardship to compel the defendant to reimburse him for his actual loss.

The defendant must be held to have contemplated that there might be a change in the amount of the respective interests of the depositors. The circumstances of the change are unusual; but that is immaterial.          *Judgment affirmed.*