Modesto Monticelli v. Meyer (or Myer) Rosenthal, S. W. Friedman, Appellant, and Elizabeth Friedman.

| 193 | 545 |
|-----|-----|
| 30 SC | 49 |

*Ejectment—Equitable defense—Evidence—Deed.*

In an action of ejectment, where plaintiff has introduced the deed of the defendant, absolute on its face, parol evidence to annul the deed will not be submitted to the jury unless it is sufficiently clear and convincing to move a chancellor.

For the purpose of annulling a deed, formally executed and duly acknowleged, on the ground of no consideration, the grantor's wife testified that she did not remember signing any paper; the grantor testified that the grantee had not given him any consideration for the deed; that he did not know that it was a deed, but thought it was something in relation to a mortgage which he had previously given to a third person,—but he made no attempt to explain the transaction. *Held*, that the evidence was not sufficient to justify its submission to a jury.

Argued Oct. 30, 1899. Appeal, No. 148, Oct. T., 1899, by defendant S. W. Friedman, from judgment of C. P. No. 1, Allegheny Co., June T., 1898, No. 661, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, FELL and BROWN, JJ. Affirmed.

Ejectment for land in Collier township. Before SLAGLE, J.

At the trial the court directed a verdict in favor of the plaintiff. On a rule for a new trial SLAGLE, J., filed the following opinion:

This ejectment was brought against Myer Rosenthal and Samuel W. Friedman and Elizabeth, his wife, to recover pos-

session of a lot of ground in Collier township, Allegheny county, Pa. Under the rules of this court the plaintiff filed an abstract showing a clear chain of title from the commonwealth to himself. This abstract showed a deed from Abel Hale and wife to Abram Frank and Samuel W. Friedman dated July 1, 1891. A deed from Abram Frank and wife and Samuel W. Friedman and wife to Myer Rosenthal, dated July 31, 1891. Judgment, Morris Rosenthal and Myer Rosenthal in court of common pleas, No. 2, at No. 33, October term, 1895, in execution thereon, sale to plaintiff and sheriff's deed, January 3, 1898, duly acknowledged and recorded.

Myer Rosenthal made no defense; Mrs. Friedman disclaimed any interest except such as she might have under the title of her husband. Samuel W. Friedman filed an answer disclaiming title to the undivided one half of the premises. He does not deny any fact set forth in plaintiff's abstract. He asserts as his defense that the deed of July 31, 1891, from himself and Frank to Myer Rosenthal, was without consideration; that Myer Rosenthal paid no consideration whatever for said deed, has never been in possession, and has never claimed the right to enter into possession; that the deed was signed and delivered in entire misapprehension of the rights of the defendant. He does not allege that there was any fraud in its procurement, nor what the misapprehension was. He then shows that the purchase money to Hale was borrowed from Barney Vogel at the instance of Morris Rosenthal, father of Myer Rosenthal, and says it has been paid, but does not allege that he paid any part of it. He alleges continuous possession of the premises in himself and family.

Defendants' counsel on the trial contended and now contends that plaintiff's title was not good : (1) because a consideration is essential to the validity of a deed ; (2) that a purchaser at sheriff's sale takes no better title than that of the defendant in the writ, and (3) that possession of real estate is notice of title.

Upon trial of the case after hearing evidence of both sides, the court instructed the jury to find for plaintiff. The defense in this case was purely equitable. It was in substance an application to annul a deed which appeared to be duly executed, the execution of which was not denied. In such a case the trial judge sits as a chancellor, and it is not a question whether

there is any evidence that should in an ordinary case be submitted to the jury, but whether there is sufficient evidence to move a chancellor: Todd v. Campbell, 32 Pa. 250. But in this case there was no sufficient evidence to submit to the jury in any case. " When parties set up title against a deed absolute in its terms, if parol evidence be relied on for that purpose, it must be clear and convincing: " Todd v. Campbell, supra. " It is doubtful whether parol evidence is admissible to contradict the recital of a consideration in a deed: " Allison v. Kurtz, 2 Watts, 185. In this case the testimony of the defendants, if uncontradicted, was not of a character to justify a chancellor to strike down a deed formally executed and duly acknowledged. It consisted entirely of the testimony of Mr. and Mrs. Friedman. Mrs. Friedman testified that she did not remember of being at Squire Reilly's office and signing any paper. Friedman testified that Myer Rosenthal had not given him any consideration for the deed; that he did not know that it was a deed, but thought it was something in relation to the mortgage they had previously given to Vogel. He did not attempt to explain the transaction. His testimony was not clear and was by no means convincing. It was not supported by other testimony or corroborating circumstances. But it appeared in evidence that Frank was the son-in-law of Morris Rosenthal; that desiring to establish him in the liquor business, Morris Rosenthal negotiated the purchase of the property from Hale and procured the money from Vogel, agreeing to guarantee payment. The title was made to Frank and Friedman and a mortgage executed by them to Vogel. Myer Rosenthal testified that the deed was made to them to enable them to procure a license, and that his deed was withheld from record for that purpose. He and his father testified that they had paid all the money that was paid on the mortgage to Vogel, and showed receipts for a large portion of it. A portion of the mortgage was unpaid at the time of the sheriff's sale and was subsequently paid by plaintiff. The defendant S. W. Friedman testified that he had furnished some of the money to Morris Rosenthal—how much he could not say. He said he had a book which would show it, but did not produce it.

Under all the evidence in the case there is nothing to affect the title of Myer Rosenthal under the deed of Frank and Fried-

man to him, and therefore if he were plaintiff in the case he would be entitled to recover. It is therefore unnecessary to consider the standing of the plaintiff as a purchaser at sheriff's sale and the effect of defendant Friedman's possession.

A new trial must be refused.

*Error assigned* was in directing a verdict for plaintiff.

*Henry R. Ewing*, for appellant, cited Miller v. Baker, 166 Pa. 414, and Reed's App., 13 Pa. 476.

*Henry A. Davis*, with him *William M. Galbraiths*, for appellee, cited Banks v. Ammon, 27 Pa. 172, Reed's App., 13 Pa. 476, and Stiffler v. Retzlaff, 20 W. N. C. 303.

PER CURIAM, November 6, 1899:

The judgment in this case is affirmed on the opinion of the learned court below.