J. S. CARR v. THE FIDELITY BANK and J. O. LUNSFORD.

(Decided March 13, 1900.)

*Bank Deposit—By Agent of Joint Owners—Deposit to Joint Credit—Withdrawn by One Joint Owner by Check in Joint Names—Check Payable to Their Own Order, and so Endorsed—Tenants in Common—Partners—Notice.*

1. The defendant Lunsford, as agent of plaintiff, and one J. W. Smith, collected rents of their property held in common, and deposited the fund in defendant bank to the credit of "*Smith & Carr, by J. O. Lunsford, Agent,*" the bank having no notice of the nature of the property whence the fund was derived, but knowing that the fund was treated as partnership property, there was no other course than to pay a check drawn by Smith, signing it "Smith & Carr," payable to their order, and indorsed in the same way.

2. The case presented is not that of a deposit made by two in their individual names, to be paid upon joint order.

3. The plaintiff has mistaken his remedy—it is against Smith only for half the fund checked out, and not against the bank, or Lunsford.

CIVIL ACTION for plaintiff's half of a fund deposited in defendant bank, tried before *Moore, J.,* at January Term, 1900, of DURHAM Superior Court.

The plaintiff and John W. Smith owned some real estate in Durham as tenants in common, and employed J. O. Lunsford to collect the rents, which he did, and deposited the same in the Fidelity Bank, to the credit of "Smith & Carr, by J. O. Lunsford, agent." When the fund had accumulated to $1,138.98, John W. Smith drew a check on the bank for $1,120, signed "Smith & Carr," payable to "order of ourselves," and endorsed "Smith & Carr," which the bank paid. A few days afterwards, the plaintiff demanded of the bank one-half of the sum deposited ($1,138.98), which demand the

bank refused, but offered to pay the balance of the fund ($18.98), on his signing a check "Smith & Carr," which he declined to do, and instituted this suit. Upon the evidence, which was uncontroverted, the defendant asked his Honor to instruct the jury that the plaintiff was not entitled to recover; this his Honor refused to do, but instructed the jury that the plaintiff was entitled to recover. Defendant excepted. Verdict and judgment for plaintiff for $569.49. Defendant bank appealed. No judgment asked against Lunsford.

*Messrs. Winston & Fuller,* and *Boone, Bryant & Biggs,* for appellant.

*Messrs. Manning & Foushee,* and *Guthrie & Guthrie,* for appellee.

CLARK, J.   The uncontradicted testimony is in substance this:   Deposits to the amount of $1,138.98 were made in the defendant bank in the name of "Smith & Carr," so entered on its books and in the depositors' pass-book; four of the deposit tickets were made out by the depositors' agent in the name of "Smith & Carr;" and two as "Smith & Carr, J. O. L., agent." In fact the deposits came from rents collected from real estate owned by John W. Smith and Julian S. Carr, as tenants in common, and not as partners, but this fact was not known to the bank. The deposits were made by J. O. Lunsford, agent of the owners to collect said rents. John W. Smith drew a check on the bank for $1,120, signed "Smith & Carr," payable to "order of ourselves," endorsed it "Smith & Carr," and the bank paid it. Some days thereafter Carr made a demand on the bank for half of the $1,138.98, the bank offered to pay him on check signed "Smith & Carr" the $18.98, balance left on deposit, which he refused, and brought this action to recover one-half of said $1,138.98.

The plaintiff has "got the wrong sow by the ear." Smith is the one who has got the money and should be held to account for it. The plaintiff, fortunately for him, can not possibly lose by looking to Smith, for, according to the evidence, he is indebted to Smith more than this amount, and the half of the money checked out of the bank can be treated as a payment thereon.

Upon the evidence, the Court should have instructed the jury to render a verdict for the bank. The deposit was made in the name of "Smith & Carr" by the agent of the owners of the deposits, and the deposits were all so entered on the pass-book of the depositors. The bank had no notice of the nature of the property whence the fund was derived. It did know that as to the fund itself it was treated as the property of a partnership; and when one of said parties "Smith & Carr" drew a check on the firm, signing it "Smith & Carr," there was no other course than to pay it. "The proper and only safe rule for the bank is to require the signature to be identical with the credit on its books." 2 Daniel Neg. Inst., sec. 1612. The bank was not called upon to inquire into the nature of the fund or of the supposed partnership. It received deposits in the name of "Smith & Carr," and it paid to the order of "Smith & Carr." It discharged the trust confided to it. It was the plaintiff's own fault, and not the fault of the bank, that he permitted the deposits to be made in the name of "Smith & Carr," and made no objection till after the fund had been drawn out. Indeed the pass-book, if examined by him, gave him notice of the nature of the dealing with the bank.

This case has no analogy to a deposit made by two or more, in their individual names, with notice express or implied not to be paid out except upon their joint order. Morse on

Banks, sec. 435; *Neiman v. Trust Co.,* 170 Mass., 452. If it had been all Carr's money, which was deposited in the name of Smith & Carr, the bank, in the absence of notice of Carr's claim upon the money, would be protected in paying the check of "Smith & Carr."

There is no cause of action whatever shown as to the defendant Lunsford. He was agent to collect and deposit, and did it. He has drawn out none of the money. If the ground is that he erroneously deposited in the wrong name, it is not charged in the complaint, and, if it were, it would be a misjoinder to allege such cause against him in this action against the bank, unless it were alleged that there was a conspiracy between him and the bank. On the contrary, the complaint alleges that Lunsford neither consented to nor knew of the drawing of the check by Smith, nor its payment by the bank.

Even if the deposit had been entered in the name of "Smith & Carr by J. O. Lunsford, agent," still "Smith & Carr," as principals, would be entitled to check it out.

This is not a case of following a fund which has been perverted, for, if so, it had already been paid out by the bank, when notice was given by Carr, and the fund must now be followed in the possession of Smith.

Error.