## Chromey v. Miners Savings Bank

*Peter Kanjorski,* for plaintiff; *John T. Mulhall,* for defendant.

McLEAN, P. J., June 11, 1934.—Plaintiff brought an action in assumpsit against defendant and in his statement filed set forth a cause of action as follows:

"3. In August 1933, the plaintiff, together with W. J. Tighe, Joseph Rusavage, and James O'Malley, opened a joint check account, in their names jointly, with the defendant, Miners Savings Bank of Pittston, Pa., in the regular course of its banking business.

"4. The contract between the plaintiff and the defendant was in writing.

"5. At various times thereafter, until on or about November 1, 1933, money belonging to the plaintiff and W. J. Tighe, Joseph Rusavage, and James O'Malley was deposited by them in said check account, amounting to $582. At various

times during that time, they jointly withdrew the sum of $130 from said joint check account.

"6. Then on or about November 1, 1933, without the authority, consent, and knowledge of the plaintiff, the defendant, Miners Savings Bank of Pittston, Pa., paid over to W. J. Tighe, Joseph Rusavage, and James O'Malley the balance in said account, amounting to $452, and closed said account.

"7. Plaintiff made a demand upon the defendant bank for $113, his interest in said joint check account."

Defendant filed an affidavit of defense raising questions of law, substantially that there can be no recovery in the action as brought, because of failure to join as parties plaintiff the joint depositors.

The general principle relied upon by defendant, to the effect that where plaintiff brings an action upon a joint contract the action must be joint, is amply sustained by our decisions: Meredith v. Punxsutawney National Bank, 275 Pa. 314, 317; Meason v. Kaine, 67 Pa. 126, 136; Marys v. Anderson, 24 Pa. 272.

Defendant bank, in accepting the joint deposit of Chromey, Tighe, Rusavage, and O'Malley became indebted to the four depositors jointly and not severally.

The general rule of law is that, to bring action against a bank for moneys in joint deposit, plaintiff must make joint depositors parties.

In the case at bar, plaintiff avers that defendant, without authority, consent, and knowledge of the plaintiff, paid to Tighe, Rusavage, and O'Malley the balance in said joint deposit account. This averment gives rise to an exception to the general rule, which is well stated in National City Bank of New York v. Harbin Electric Joint-Stock Co., Ltd., 28 F. (2d) 468, 471, as follows:

"Cases where the depositary has voluntarily paid one of the joint depositors are to be distinguished, for in them the bank by its action has dispensed with the necessity of joining in subsequent litigation the one to whom payment has been made. Boston and Maine R. v. Portland, etc., Co., 119 Mass. 498. . . ."

". . . if persons deposit moneys with a bank in their joint names, with directions that payment shall be made only on their joint checks, the banker has no right to assume that their rights are equal or will remain so, and if he pays the whole to one of them without authority from the other, the latter may recover his interest in the fund at the date of such payment, though in excess of one-half thereof": 3 R. C. L. 528.

"Payment of a joint deposit on the check of one depositor renders the bank liable to the other to the extent of his interest. Ann. Cas. 1916D 520 note": R. C. L. Perm. Supp. 824.

"On the wrongful payment by a bank of a joint deposit to one of the two joint depositors, the other may recover of the bank the amount of his actual interest therein at the time of such payment, though it be greater than at the time of deposit": Neiman v. Beacon Trust Co., 170 Mass. 452, 49 N. E. 748.

In this view of the law, it was not necessary that plaintiff join the joint depositors as parties to the action. Accordingly,

Questions of law raised in affidavit of defense are decided against the defendant, with permission to file a supplemental affidavit of defense to the averments of fact of the statement within 15 days from the date of this order.

From Frank P. Slattery, Wilkes-Barre. Pa.