Broad and Erie Building and Loan Association *v.*
Bernhard et ux., Appellants.

Argued October 7, 1936.

Before KELLER, P. J., CUNNINGHAM,
BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Walter Thomas,* for appellants.

*Arthur S. Minster,* for appellee.

OPINION BY CUNNINGHAM, J., December 14, 1936:

This is an appeal by William J. Bernhard and Viola H., his wife, former owners of the house and lot at No. 7204 Tabor Avenue, Philadelphia, from a judgment of the court below directing them to deliver possession of the same to Broad and Erie Building and Loan Association as the purchaser thereof at a sheriff's sale.

The proceedings were instituted by the plaintiff association under the provisions of the Act of April 20, 1905, P. L. 239, 12 PS §2571, by the filing of a petition on June 10, 1935, for a citation. Appellants filed their answer on July 1, to which plaintiff's replication was duly filed and appellants rejoined with a demand for a jury trial. On August 27, 1935, the court below entered judgment in favor of the plaintiff association on the pleadings and our inquiry is whether it erred in so doing.

These material facts and respective contentions appear from the pleadings.

In June 1923 appellants placed two mortgages upon the property in question—a first mortgage in the sum of $2,000 to Frank H. Robb, and a second mortgage to plaintiff in the amount of $1,800. The judgment upon which the sale here involved took place was entered upon the bond secured by the second mortgage.

By September 1934, the first mortgage was in default and plaintiff, in order to protect its second mortgage, purchased the Robb bond and mortgage from him. The judgment upon which appellant's property was sold was entered March 5, 1935, for $1,451.25—the principal indebtedness under the second bond and mortgage having been reduced to $1,100, plus delinquencies and attorney's commission. Plaintiff averred in its replication that there was then due $2,240 upon the first mortgage and $1,451.25 upon the second and that it

had paid the city $92.93 for 1935 taxes on the property, making its investment therein $3,784.18 at that time.

None of the facts thus far recited are denied by appellants, except as to the amounts set out by plaintiff as representing its investment in the property. As to these, appellants aver that plaintiff's investment did not exceed $2,800; that plaintiff has possession of appellants' books and has refused to give them an accounting; and that plaintiff has not given them all the credits to which they are entitled upon the second mortgage. Appellants, however, made no effort to have the judgment opened.

The sheriff's sale was held on April 1, 1935, at which time the property was sold to the plaintiff association upon its bid of $50 covering costs, etc. Appellants' main contention seems to be that plaintiff, as the purchaser at that sale, is not entitled to possession of the property because prior to the sale a representative of the plaintiff orally promised, as they allege, that if plaintiff should be permitted to buy in the property for costs, etc., it would reconvey it to them for the amount due plaintiff and that they "were [thereby] prevented from going to the sale and bidding on said property or from procuring any one else to go to the sale and bid."

One of their averments reads: "That at and before the said sale, a certain Arthur Fraser, then acting for and on behalf of the plaintiff and with authority to so act, falsely and unlawfully represented to Viola H. Bernhard, one of the above defendants, on or about the tenth day of March, 1935, and before the sale of the said property, that if she would permit the plaintiff to buy the said property for the amount [advanced by] the attorney on the writ that the said plaintiff would subsequently make a good and valuable deed to the defendants for the said property upon the payment to the building and loan of the amount which was due and owing said building and loan, ......."

They then aver that the amount owing did not exceed $2,800 and continue: "and further, that in order to give the defendants an opportunity to buy the said property back, they would rent the said property to the defendants for the sum of thirty dollars and fifty cents, ($30.50), for each and every month."

Plaintiff specifically denied in its replication that appellants were induced to refrain from bidding at the sheriff's sale. The fifth paragraph of the replication reads: "5. Plaintiff avers that defendants were not prevented from going to the sheriff's sale and bidding on said property. On the contrary, defendants were informed prior to the sheriff's sale that unless they attended the same and purchased the property, it would be sold to some other person or persons, possibly the plaintiff, and would thereupon be lost to the defendants."

As to the alleged agreement to permit appellants to repurchase the property, plaintiff in the second paragraph of its replication said: "2. It is denied that Arthur Fraser on or before the sale, to wit, on about the 10th day of March, 1935, on behalf of plaintiff, with authority to do so, made any false or fraudulent representations to Viola H. Bernhard, one of the defendants, with respect to repurchase by defendants of the property No. 7204 Tabor Avenue in the event that the plaintiff purchased the same at sheriff's sale."

In reply to appellants' averment that plaintiff agreed to rent the property to them at a rental of $30.50 per month, plaintiff admitted that prior to the sheriff's sale it was willing to rent the premises to appellants at that rental, "provided that all delinquencies due by defendants to plaintiff were paid forthwith." The further averment was made that the average monthly amount due on both mortgages was $22.60, but that since the plaintiff had taken over the first mortgage the only amounts paid by appellants were $15 in

October and $10 in November, 1934, and $27.50 in February, 1935. These figures were not questioned by appellants.

In the light of the specific denials by plaintiff to which we have referred, we are at a loss to understand the following statement made by counsel for appellants at the opening of his written argument: "The following facts must be taken to be true *as they are not denied:* The plaintiff, the Broad and Erie Building and Loan Association, fraudulently represented to the defendants that if the defendants would permit the plaintiff to purchase the said property at sheriff's sale for the amount advanced by the attorney on the writ, to wit: the sum of $50.00, the said plaintiff would rent said property to the defendants until the defendants could purchase the said property for the amount due the Building and Loan Association."

That statement, forming the premise of appellants' argument, is not correct and should not have been made. Every averment referred to was fully and positively denied. Taking appellants' averments at their face value, they amount at most to an oral promise to bid in the property at the sheriff's sale and convey it to them, upon being reimbursed. Such a promise cannot be enforced by reason of the Statute of Frauds. *Jackman v. Ringland,* 4 W. & S. 149. It requires more than is here averred to make such a purchaser a trustee —for example, dissuading others from bidding by stating at the sale that the property was being bought for the benefit of the defendants in the execution: *Hartzell v. Whitmore et al.,* 271 Pa. 575, 115 A. 840. For a full discussion of the question, see Annotation to *Kimmons et ux. v. Barnes et al.,* 205 Ky. 502, 266 S. W. 891, 42 A. L. R. 5-10, at pp. 79 and 102.

Another serious difficulty with appellants' case is that they have not averred a tender of even the amount conceded by them to be necessary to reimburse plaintiff.

In addition, although they claim they had an agreement with plaintiff to remain in the property at a rental of $30.50 per month, and although they actually occupied it for more than two months after the sheriff's sale, there is no averment that they ever made a tender of any rent or demanded a lease. As it would have been an abuse of discretion, in our opinion, for a court to have set aside this sale, the court below did not err in entering judgment for the plaintiff on the pleadings.

Judgment affirmed.