## Sigler v. The Kingston National Bank

Before Valentine, P. J., Aponick and Flannery, JJ.

*Mose H. Salsburg* and *Henry Thalenfeld*, for plaintiff.

*Bedford, Waller, Jones & Darling*, for defendant.

FLANNERY, J., January 18, 1952.—Defendant filed preliminary objections to plaintiff's complaint. They are: (a) A demurrer, and (b) a motion to strike off.

Thomas Sigler sued the bank to recover the amount of the forged checks which it paid out on an account opened in the name of Cable Vision Co. The account was opened by plaintiff and one Leo E. Gaj, with $6,000 deposited by plaintiff, withdrawals to be on checks signed by both. On the same day two checks were drawn in the amount of $2,000 and $1,800, respectively, which Leo E. Gaj was to transmit and deliver to

the payee, R. G. Genzlinger, Inc. That was not done. Endorsements were forged by Leo E. Gaj, who appropriated the proceeds. The bank paid from the funds deposited by plaintiff on the forged endorsements.

The demurrer is based on the proposition that Cable Vision Co. is a partnership and Thomas Sigler cannot maintain the action in his own name. But the complaint does not allege that it is a partnership and we must for the purposes of this discussion accept the averment of the complaint. Here then is an account opened by two people with funds of one of them, and under the authority of Chromey v. Miners Savings Bank of Pittston, 29 Luz. 500, that one whose money it was may maintain the action. To the same effect see Gish Banking Company v. Leachman's, admr., et al., 163 Ky. 720, 174 S. W. 492, and Neiman v. Beacon Trust Company, 170 Mass. 452, 49 N. E. 748, and see also Hubiayak v. Harr, etc., 30 Luz. 471.

The motion to strike off assumes the existence of a partnership and complains that a copy of the partnership agreement is not attached. This second reason must fail for the same defect as disqualified the first. No partnership is alleged in the complaint.

The plan or plot of Gaj, who has already been convicted of forgery and fraudulent conversion in this court, was disclosed at argument. He promised to form a partnership prospectively which promise was a fraudulent device to obtain control of plaintiff's money. Under such circumstances, plaintiff would be in error to affirm a partnership and we would be unwarranted in torturing the phraseology of the complaint to conclude one.

Now, January 18, 1952, at 2 p.m., preliminary objections dismissed and defendant is directed to file its answer on the merits within 20 days from the date hereof.