SOLON BURKETT *et al.* v. LEHMEN-HIGGINSON GROCERY CO.

(Filed Feb. 11, 1899.)

1. ACTION—*Joinder of Plaintiffs.* In all actions, those between whom
there is a unity of legal interest must be joined as plaintiffs. Per-
sons in whose favor an obligation exists must all join in an action
therein against the obligor, unless the interest of each of the
parties to be benefited is specially stated in the contract, or is
determined by the character of the obligation.

2. INDEMNITY—*Sureties Must all be Joined as Parties Plaintiff.* Where a
sheriff levies upon property of a stranger to a writ of attachment,
at the direction of the plaintiff in the writ, and judgment is
obtained by the owner of the property for its value against the
sheriff, and, failing to collect the same because of the insolvency
of the sheriff, the judgment creditor brings action against the
sureties on the sheriff's bond, and recovers judgment against
them, which they pay, in an action to recover the money so
paid, from the original attachment plaintiff, such sureties paying
the same must all be joined as parties plaintiff. They are joint
obligees, united in legal interest in the subject-matter of the
action, although each of said sureties may not have contributed
alike to the payment of the judgment.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before Jno.
L. McAtee, District Judge.*

*Jas. K. Beauchamp* and *W. S. Denton,* for plaintiffs in
error.

*W. W. Noffsinger* and *George P. Rush,* for defendant in
error.

Action by Solon Burkett and others against the Leh-
men-Higginson Grocery Company, a corporation, to re-
cover $889 paid by the plaintiffs upon a judgment ren-
dered against them, as sureties upon a sheriff's bond, for

the seizure of property under an attachment instituted by the defendant. From a judgment for defendant, the plaintiffs appeal. Reversed.

Opinion of the court by

TARSNEY, J.: On the trial of this cause, plaintiffs in error, to support the allegations of their petition, introduced evidence showing that on the 18th day of December, 1893, one G. W. Johnson was the sheriff of Garfield county; that plaintiffs in error, with others, were sureties on the official bond of said sheriff; that on said day defendant in error sued out a writ of attachment in a cause then pending in the district court of said county, wherein defendant in error was plaintiff and one W. H. H. Keeney was defendant, and caused said writ to be levied by said sheriff upon a certain stock of goods, as the goods of said Keeney; that at the instance and request of defendant in error, and under its special instructions, said sheriff seized said goods, which were of the value of $744, and advertised and sold the same, and appropriated the proceeds thereof to the use of said defendant in error; that on February 17, 1894, while said stock of goods was in the hands of said sheriff, one Nellie Mattingly commenced an action in replevin for the recovery of said goods, claiming to be the owner thereof; that in said action Mattingly recovered a judgment for the possession of the property, or the value thereof in case return could not be had, in the sum of $744 and costs of suit; that Johnson failed and refused to return said property, or to pay said judgment which was rendered against him in said case; that said Johnson was wholly insolvent, and the judgment could not be made against him; that on September 30, 1895, said Mattingly commenced suit upon said judgment in the

district court of Garfield county against plaintiffs in error, as the bondsmen of said sheriff, and on January 3, 1896, obtained judgment against plaintiffs in error jointly for the sum of $849, with 7 per cent. interest from that date, and costs of suit, amounting to $40. The plaintiffs in error offered in evidence the journal entry of judgment rendered in this last case, upon the margin of which said journal entry appeared the following indorsement: "This judgment is satisfied in full, except costs. This January 28th, 1896. By D. R. Thomas, C. B. Utsler, S. Burkett, F. C. Cromwell, and C. M. Hobbs, Sureties. [Signed] D. Donnovan, Attorney for Plaintiff." Plaintiffs in error also introduced evidence showing that in January, 1896, they (plaintiffs in error) had jointly paid the costs of the action in which said judgment was rendered. Thereupon plaintiffs in error rested, and the defendant interposed a demurrer to the evidence upon the ground that plaintiffs' evidence did not prove a cause of action against the defendant. The court sustained this demurrer, withdrew the case from the jury, and rendered judgment against the plaintiffs in error. Exception was duly saved, and the cause is here for review.

I.    From the briefs of counsel it appears that the only question discussed in the trial court upon the demurrer to the evidence was the question whether there was any evidence tending to show a payment by the plaintiffs in error of the judgment rendered against them at the suit of Mattingly, but in this court counsel for defendant in error contends that the demurrer to the evidence was rightly sustained, for the reason (1) "that there is no evidence of any specific amount of money paid, or by whom paid, or that any payment was paid by plaintiffs in error jointly which would entitle them to a joint recovery; that

in one suit the court will not take cognizance of distinct and separate claims of different persons; and (2) that there was no competent evidence of any payment of said judgment."

At common law, two or more persons could not be joined as plaintiffs in an action upon contract, unless they possessed a joint right; and if, on the trial, they failed to establish such right as alleged, residing in all, a nonsuit was inevitable. Mr. Pomeroy, in his work on Remedies and Remedial Rights, (2d Ed., sec. 185,) states the common-law rule thus:

"When a contract either sealed, written, or verbal, is made with two or more persons, and their legal interest therein is joint, all the obligees, convenantees, or promisees, if living, and as many as are living, must join as plaintiffs, even though the convenant or promise to them is, in terms, joint and several. The interest spoken of is not the interest which will be had in the sum of money or other benefit promised when the agreement is performed, but the interest in the contract,—the legal, technical interest created by the terms of the agreement. This rule as to the union of parties plaintiff in an action brought upon a joint contract being thus universal and peremptory, it becomes a matter of the utmost importance to determine when a contract is thus joint; when the rights of the promisees or their legal interest in the contract is joint, and not several. In general, if a promise is made to two or more persons, the right is presumptively joint. A several right is the exception. No express joint words, therefore, are necessary, but some words indicating such an interest must be used to create a several right. A mere promise to A. and B. always creates a joint right, even though the share of money promised which each is to have is designated."

Again, the same author, in the same section, says:

"When one covenants with A. and B. to pay a sum of money to A., both must unite in a suit to recover the

money. There is a joint interest in the contract, although A. is the only one interested in the benefit which is to result from its performance."

By section 35 of our Code of Civil Procedure, (Statutes 1893, p. 768,) it is provided that:

"All persons having an interest in the subject of the action and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article."

And by section 37 of this Code it is provided that:

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but, if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason being stated in the petition."

The general requirements of these provisions of the Code that "all persons having an interest in the subject of the action and in obtaining the relief demanded, may be joined as plaintiffs," and "those who are united in interest must be joined as plaintiffs," include the case of persons "having an interest in the subject-matter," or "united in interest," by virtue of their being joint obligees, covenantees, or promisees at law, as well as the case of persons having some common, equitable interest. Hence, these provisions of our Code do not contemplate or permit a severance among parties plaintiff when the old law required a joinder.

By the common-law rule of survivorship, upon the death of one or more joint obligees or promisees, his or their rights, interests, and benefits in a joint contract, passed to the survivor, it being regarded as an entirety; and equity alone could prevent the entire ownership, right of action, and benefit in the contract from being collected

in the survivor, and passing to his administrators or executors as a part of his estate. It conferred upon the estate of the decedent, who had been jointly interested, a share in the contract or in its proceeds, and made the survivor accountable to the representatives of such estate.

Our Code, by abolishing distinctions in forms of action, has preserved all the rights of litigants that are equitable or legal, without changing the common-law rules relating to the joinder of parties to actions, except in the particular that, if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, and the respective rights of the several parties, plaintiffs or defendants, whether equitable or legal, may be determined and adjudicated in the one action, although in the case of joint plaintiffs or joint defendants their rights or liabilities may not in all particulars be the same. The contract which the law implies from the relations and acts of the parties to this case was not that the defendant in error would reimburse the sheriff and each of the plaintiffs in error separately for any amount which they individually might be held to pay to others on account of the wrongful seizure of property under the writ; but the promise which the law implies is that defendant in error will save the sheriff and his bondsmen jointly from loss, and jointly reimburse them for any loss. It may be that the several plaintiffs in error have not contributed equally towards the payment of the judgment. This very fact establishes a joint legal interest, for the defendant in error may not be solvent. The whole amount of the judgment may not be recoverable of it. If so, the plaintiffs in error will be entitled to share ratably in the proceeds of any judgment that might be obtained. The case is identical with that of a promise made to a co-partnership. For

debts or obligations due a co-partnership, the individual
members cannot sue separately, but all the co-partners
must join as parties plaintiff, although the interest of the
several partners in the co-partnership assets are not
equal.

In *Murphy v. Weil*, 92 Wis. 475, 66 N. W. 535, it is said:

"The contract is apparently joint from start to finish,
The complaint alleges that Jacobs and Murphy jointly
owned the $12,500 worth of stock in the Jacobs Electric
Company when the contract was made. The agreement
to sell that stock to Weil is joint in terms. The payments
were evidently expected to be made to either, as there is
no provisions for separate payments. The agreement to ad-
vance to the corporation the amounts paid by Weil for the
stock is joint. The agreement to deliver the shares in the
second corporation is joint. In fact, no separate interest
as between Murphy and Jacobs is disclosed anywhere,
and, in the absence of anything showing severalty of in-
terest, the promise to respond should be construed as a
joint promise."

We are clearly of the opinion that there was no
misjoinder of parties plaintiff in this case, that the obliga-
tion sued upon was a joint obligation, that the plaintiffs
were united in interest, and that, under the statute, they
not only had a right to join as parties plaintiff, but were
required to so join.

II.   The contention of counsel for defendant in error
that there was no evidence that plaintiffs in error had
paid the Mattingly judgment against them cannot be sus-
tained.   Section 6, ch. 6, Statutes of Oklahoma 1893, pro-
vides: "An attorney and counsellor has power to receive
money claimed by his client in an action or proceeding
during the pendency thereof or afterwards, unless he has
been previously discharged by his client, and upon pay-
ment thereof, and not otherwise, to discharge the claim or

acknowledge satisfaction of the judgment." The judgment of Mattingly against plaintiffs in error was introduced in evidence. Upon the margin thereof was indorsed a release and satisfaction thereof by the attorney of record who obtained such judgment. This instrument of release or satisfaction would certainly have as much force and effect as evidence as a receipt in full signed by the judgment creditor or her attorney of record: and it would hardly be contended that such receipt would not be *prima facie* evidence of payment, entitling the case to go to the jury on that point. The statute provides that the attorney of record may satisfy the judgment when, and only when, the same has been paid in full. The court will presume that an attorney of record in a cause has not violated the statute, and satisfied a judgment before it has been paid in full. Courts presume that attorneys of record are authorized to represent their clients, and have authority to act for them and bind them. We think the evidence of payment was sufficient.

The plaintiffs in error having shown the issuing of the writ of attachment, and the seizure of the goods of a stranger thereunder; that such seizure was made in the presence of, and by the express direction of, the agent of the defendant in error; that suit was brought therefor by the owner of the goods against the sheriff executing the writ; that pending said suit, of which the defendant in error had full knowledge, the goods were sold under the writ, purchased by defendant in error's agent, resold by him, and the moneys received therefor appropriated by the defendant in error; that the sheriff individually was insolvent and irresponsible; that these plaintiffs in error were sued, as the sureties upon the sheriff's bond, for the value of said goods, and judgment recovered against them,

which they had paid before the commencement of this action,—it seems to us that they presented a *prima facie* case showing the right of plaintiffs in error to recover. Defendant in error was primarily liable to the sheriff. Plaintiffs in error were sureties for the sheriff. A surety, upon satisfying the obilgations of the principal, is subrogated to all the rights of the principal, and entitled to the benefit of every security or indemnity which the principal had.

Our conclusion, therefore, is that the record in this case shows that, both in law and upon the evidence, the plaintiffs in error had established a *prima facie* case, which entitled them to have the issues involved determined by a jury, and that the court erred in sustaining the demurrer to the evidence. Judgement reversed, and cause remanded for a new trial.

McAtee, J., having presided in the court below, not sitting; all the other Justices concurring.