## CONKLIN v. GUARANTY TRUST CO. OF NEW YORK.

### In re MORTON TRUCK & TRACTOR CO.

(Circuit Court of Appeals, Second Circuit. May 12, 1920.)

#### No. 236.

**Banks and banking ☞154(5)—Allegation of general deposit not supported by proof of special deposit.**

An action by a trustee in bankruptcy against a bank to recover the balance of what was alleged to be a general deposit made by bankrupt, subject to its check, *held* not sustained by evidence that the deposit was special, and withdrawals therefrom were to be made only by checks countersigned by a third party.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Job J. Conklin, trustee in bankruptcy of the Morton Truck & Tractor Company, against the Guaranty Trust Company of New York. Judgment for defendant, and plaintiff brings error. Affirmed.

The defendant here and below is a well-known banking company, and was sued by the plaintiff to recover the undrawn balance of a deposit account held by the Guaranty Company at the time of the bankruptcy of the Morton, etc., Company. The portion of the complaint material on this writ is the following allegation:

"That at divers times prior to its adjudication in bankruptcy as aforesaid the said Morton Truck & Tractor Company, Incorporated, delivered various sums of money to the defendant which it received on deposit and agreed to repay to the said Morton Truck & Tractor Company, Incorporated, or to its order on demand."

The answer need be considered no further than the first defense, which denied absolutely the above-quoted allegation.

Wilder, Ewen & Patterson, of New York City (John Ewen, of New York City, of counsel), for plaintiff in error.

Stetson, Jennings & Russell, of New York City (William C. Cannon

and Harold W. Bissell, both of New York City, of counsel), for defendant in error.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The simple theory of the complaint is that the bankrupt in whose shoes the plaintiff trustee stands, had a general deposit in defendant's bank, wherefore the relation between himself as trustee and the defendant was that of debtor and creditor, and further that the debt was (as specifically pleaded) payable on demand.

That under the general issue defendant could show that such was not the contract is well established. Milbank v. Jones, 141 N. Y. at page 345, 36 N. E. 388. Consequently it was properly proved that when the deposit account, to recover the balance of which this action was brought, was created, it was specifically agreed between the depositor, the bank, and a corporation known as Gaston, Williams & Wigmore, that said account should be drawn against only by checks signed by the depositor and countersigned by Gaston, Williams & Wigmore. It further appeared that this contract had never been varied, and the account had been diminished only by checks bearing the countersignature required, but that the plaintiff trustee had demanded and sued for the balance of account without ever endeavoring to get the countersignature or other consent of Gaston, Williams & Wigmore.

There is some testimony in the bill of exceptions tending to show why this countersignature was required. While we think the testimony satisfactorily evidences the fact that the Gaston signature or consent to withdraw was the only security or safeguard that the trust company had or has for a guaranty which it extended when the bankrupt corporation made a certain contract, we regard all this evidence as immaterial. The plaintiff has mistaken his remedy; his bankrupt never was a general depositor in the Guaranty Trust Company; it never had any right to withdraw said deposit on demand; its right was special, and such withdrawals could only be had with the consent of Gaston, Williams & Wigmore, evidenced by their countersignature or its equivalent.

Doubtless such countersignature or consent could not be withheld for unlawful or frivolous reasons, but that question was not and could not be presented in this litigation. The trial court was therefore right in refusing recovery; but it was a mistake to enter judgment in the form before us. It was directed that "defendant have judgment against the plaintiff upon all the issues in this action," etc. But plaintiff should not be precluded from bringing, if necessary, another suit, in which the position, right, interest, or duty of Gaston, Williams & Wigmore can be ascertained and adjudicated. In this action no such procedure was possible, and indeed plaintiff objected throughout the trial to all the evidence tending to explain why he could not recover in this suit, and why (perhaps) he ought to recover in another.

In view of the possibility, if not probability, of another trial or further proceedings in this matter, we may say that the Russian gov-

ernment has not had, and has not claimed, any interest in this deposit after it received the defendant's guaranty that the moneys would be applied to the expenses of manufacturing under a certain contract between the bankrupt and a Russian "purchasing commission." The foregoing is, of course, strictly limited to the record on this writ.

The judgment below is modified, so as to direct a dismissal of the complaint, but not on the merits, or words to that effect, and, as modified, affirmed, without costs in this court.