HAMBURGER *v.* BANK OF DETROIT,

1. APPEAL AND ERROR—SUPREME COURT NOT TRIER OF FACTS—EVIDENCE—WEIGHT OF EVIDENCE.

> The Supreme Court is not the trier of the facts in law cases brought before it for review, but, under 3 Comp. Laws 1915, § 12587, if satisfied that the findings of the trial judge are against the clear weight of the evidence, reversal is authorized.

2. BANKS AND BANKING—FINDING JUSTIFIED BY EVIDENCE.

> In an action against a bank for the breach of a contract to pay out money only on checks signed and countersigned according to agreement, the finding of the court in favor of plaintiff, *held*, justified by the record.

3. SAME—EVIDENCE—BURDEN OF PROOF—WEIGHT OF EVIDENCE.

> The burden of proof being upon defendant to establish its claim that plaintiff had accepted another as her debtor, and should apply certain moneys collected by her upon the transaction in question, the finding of the court in favor of plaintiff, *held*, not manifestly against the clear weight of the evidence.

4. SAME—CONTRACT—BREACH OF CONTRACT—RIGHT OF ACTION.

> Where plaintiff made a special deposit with defendant bank in the name of E. Company, under an agreement that the money should be paid out only on checks signed by E. and countersigned by H., payment of the money on checks signed by E. alone, resulting in loss to plaintiff, *held*, to authorize an action by plaintiff.

5. SAME—PARTIES.

> Plaintiff and defendant being the contracting parties, in an action on the breach of the contract E. Company was not a necessary party.

6. CORPORATIONS—ASSUMED NAME—STATUTES.

> Plaintiff, having contracted with defendant in her own name, was not doing business under an assumed name, and therefore is not prevented from recovering for breach of the contract by reason of her failure to comply with

the statutes in regard to doing business under an assumed name (2 Comp. Laws 1915, § 6349 *et seq.*, as amended by Act No. 263, Pub. Acts 1919; 2 Comp. Laws 1915, § 6354 *et seq.*).

Error to Wayne; Dingeman (Harry J.), J. Submitted January 10, 1922. (Docket No. 72.) Decided March 30, 1922.

Assumpsit by Anna Hamburger against the Bank of Detroit for the amount of certain deposits. Judgment for plaintiff. Defendant brings error. Affirmed.

*Anderson, Wilcox, Lacy & Lawson,* for appellant.

*Morris Garvett,* for appellee.

FELLOWS, C. J.   It is the claim of plaintiff in this case that one Fred A. Engel, her son-in-law, was conducting a small electrical contracting business in Detroit and that it was contemplated that a corporation should be organized to take over such business, plaintiff Engel and plaintiff's nephew, an attorney, Leon H. Hamburger, to be the stockholders. The corporation was to be named Fred A. Engel Company, that being the name under which he was doing business. It is her claim that Engel was then largely indebted to her. It was contemplated that she was to put into the corporation approximately $2,000. Leon H. Hamburger, who acted as plaintiff's attorney in this and other matters, testifies in substance that he explained fully to a Mr. Briggs, an officer of the defendant bank, the situation, told him the money belonged to plaintiff and made an agreement with the bank that plaintiff's money should be deposited in the name of Fred A. Engel Company, to be paid out only on checks signed by Fred A. Engel and countersigned by him, Hamburger, he and said Engel to be the officers of the contemplated company. The plans to organize

the corporation were abandoned, and shortly thereafter it was learned that defendant had paid out the money, or practically all of it, on checks not countersigned by Leon H. Hamburger. Defendant denied that the money was deposited with it under the arrangement claimed by plaintiff. It also claims that plaintiff accepted a note from Engel to satisfy her claim against defendant and that she collected some money from Engel which should be applied on her claim against defendant. Plaintiff denies that she accepted any note of Engel for such purpose and claims that the money she received from Engel was payment in part only of his indebtedness to her.

Plaintiff brings this action counting on her claimed contract, and alleging its breach by defendant. The case was tried without a jury and findings of facts were filed by the trial judge sustaining plaintiff's claim. He concluded as matter of law that plaintiff was entitled to recover and judgment followed. Defendant brings the case here claiming that the findings of facts are against the weight of the evidence and that there are insuperable legal objections to plaintiff's right to recover.

As we have had occasion to point out many times, we are not the triers of the facts in cases on the law side of the court brought to this court for review. If we are satisfied that the findings of the trial judge are against the clear weight of the evidence, we are authorized to reverse under section 12587, 3 Comp. Laws 1915. But we do not hear law cases *de novo.* An examination of this record convinces us that we should not disturb the findings of fact. Upon the question of what the contract between the parties actually was the preponderance of the evidence is clearly with the plaintiff. Mr. Hamburger, who acted as plaintiff's attorney in the transaction, sustains her claim. Another witness who was present when the

arrangement was made corroborates him in the material matters although he does not testify as fully as does Mr. Hamburger. Mr. Briggs, who acted for the bank, qualifies his testimony in behalf of the bank's claim by frequently using the expression "to the best of my knowledge and belief." Upon the question of whether plaintiff accepted Engel as her debtor and should apply certain moneys collected by her on this transaction, the testimony is not so clear. Upon this question the burden was upon the defendant. Bearing in mind, however, the rule that the findings must be manifestly against the clear weight of the evidence, we are not persuaded that we should disturb the conclusions of the trial judge on this question. All parties seem to agree that what was done in this regard was for the purpose, as expressed by them, of "ironing out" the situation. It is evident that an attempt was made to save both the bank and plaintiff from loss, and it is also evident that the attempt was unsuccessful. From some of the testimony it appears that the assignment to plaintiff executed by Engel of indebtedness due him was before this difficulty arose, and was made to pay old debts of his to plaintiff. The trial judge had the advantage of seeing and hearing the witnesses and we are not persuaded that he reached erroneous conclusions upon the disputed questions of fact.

This brings us to the legal objections urged by defendant's counsel to the plaintiff's right to recover. Upon the main question in the case counsel for both parties fully consider the case of *Davis* v. *Savings Bank*, 53 Mich. 163. In that case plaintiff was carrying an account with defendant in his name but the money belonged to his mother. He desired to carry an account of his own funds and it was arranged that he should do so, using his wife's name for such account. Pursuant to this arrangement he deposited

his money from time to time in the name of his wife. Upon her death the bank refused to recognize his right to the money and he brought suit. It was held that he could maintain the action. Mr. Justice CAMPBELL, speaking for the court, there said:

"The contract of a depositor with his banker does not differ in any material way from any other contract, whereby one person becomes bound to take charge of and repay another's funds. As between banker and depositor, there can be no doubt that the bank will be protected in paying out money in such way and on such terms as the depositor has authorized. And, on the other hand, where a contract is not in writing, it is equally clear that its real character and terms may be made out by testimony, and that the contracting party can lawfully control his own funds until he has disposed of them and that it can make no difference in what name the account is kept, if it is understood to be his account, and has not been put beyond his control by some act which he cannot revoke.

"In the present case the testimony does not tend to show that the bank ever contracted with anybody but plaintiff, or received funds on this account which were not his funds. The case he made out, and which the jury must have found true, was that, while deposited in the wife's name, it was not intended to be for her benefit, or to be beyond the husband's right to withdraw. Any idea of a gift to her was clearly negatived. Her name was only another form for his name, and so agreed. The bank-book is no contract, and is only one of the means of indicating the state of the funds. Whatever presumptions may arise from it, and whatever protection may be given to acts innocently done on that presumption, it cannot exclude explanatory evidence. The contract was made with plaintiff, and with no one else, and the bank is answerable to him to fulfill that contract."

This case is absolutely controlling of the one before us. Plaintiff under the facts as found by the trial judge deposited her money in defendant bank

218 Mich.—12.

in the name of Fred A. Engel Company under an express agreement that it should only be withdrawn on checks signed by Fred A. Engel and countersigned by Leon H. Hamburger. Defendant has breached the contract under which the money was deposited and has paid out the money on checks not so countersigned. Plaintiff's right of recovery is clear under the authority of the *Davis Case*.

It is also insisted that plaintiff can not recover because Fred A. Engel Company was not made a party. This likewise is answered by the *Davis Case*, where it was said:

"The suggestion that the estate of Mrs. Davis is not represented in the cause has no force. In every action at law upon a contract the contest must be between the two alleged contracting parties, and if the contract and its breach are made out, the prevailing party must have judgment. The case is in our opinion, a very plain one."

Defendant's counsel also contend that plaintiff can not recover because she was doing business under an assumed name within the meaning of the statutes, citing Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, § 6349 *et seq.*), as amended by Act No. 263, Pub. Acts 1919, and Act No. 164, Pub. Acts 1913 (2 Comp. Laws 1915, § 6354 *et seq.*). A complete answer to this contention will be found in the facts. Plaintiff, acting through her attorney, in her own name made a contract with defendant for the deposit of her own funds in the bank to be withdrawn only on certain conditions. The statute did not prohibit her from contracting in her own name. *Rossello* v. *Trella*, 206 Mich. 20. This she did. The contract with the bank was the contract of the plaintiff, not the contract of the Fred A. Engel Company. The money deposited was the money of the plaintiff, not the money of Fred A. Engel Company. Under the

contract it did not become the money of Fred A. Engel Company upon the deposit being made and not until a corporation by the name was organized (which was never done), and then it was to be withdrawn only upon the agreed conditions. The contract here, being the contract of the plaintiff in her own name, was not inhibited by the statute.

What we have just said disposes of defendant's contention that the failure of the parties to organize the company made them in law a partnership and Engel and Leon H. Hamburger should be joined as plaintiffs. Defendant dealt and contracted alone with plaintiff. It breached its contract with her, and to her alone must it respond.

The judgment will be affirmed.

WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.