NATIONAL CITY BANK OF NEW YORK v. HARBIN ELECTRIC JOINT–STOCK CO., Limited.

Circuit Court of Appeals, Ninth Circuit. October 1, 1928.

No. 5365.

Chalaire & Franklin, of Shanghai, China, and Pillsbury, Madison & Sutro, of San Francisco, Cal. (Alfred Sutro and Eugene M. Prince, both of San Francisco, Cal., of counsel), for plaintiff in error.

Sidney A. Moss, of Shanghai, China, and Hiram W. Johnson, Jr., of San Francisco, Cal. (Max Mayer, of San Francisco, Cal., of counsel), for defendant in error.

Before RUDKIN, DIETRICH, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). The main contention of the plaintiff in error is that, without

the engineering corporation and Beardsley as parties, the action cannot be maintained, and that failure to make them parties cannot be excused by reason of the fact that they do not reside or do business within the territorial jurisdiction of the United States Court in China.

The general rule is that, where several persons make a deposit to their joint credit in a bank, the bank must have the signatures of all of them appended to a check against the fund, or take the risk of paying. Columbia Finance & Trust Co. v. Bank, 116 Ky. 364, 76 S. W. 156, 25 Ky. Law Rep. 561; Michie on Banks and Banking, vol. 2, 133; Gish Banking Co. v. Leachman's Adm'r, 163 Ky. 720, 174 S. W. 492. In the present case we think it needs no argument to support the statement that, in the light of the explicit contents of the letter of May 12, 1923, addressed to the banking corporation, there could be no appropriation from the deposit under the name and title of the engineering corporation, represented by Beardsley and Sui-Pan-Dze, president, unless both parties signed checks.

In the controversy that arose over the construction contract the bank was not concerned. The position it occupied was much like that of an indifferent stakeholder, who has possession of funds to which two persons are asserting claims. Under such circumstances the bank naturally desired to avoid exposure to double liability to which, if the amount of the judgment were paid, it would be liable. Hamburger v. Bank of Detroit, 218 Mich. 173, 187 N. W. 535; Neiman v. Beacon Trust Co., 170 Mass. 452, 49 N. E. 748, 64 Am. St. Rep. 315; Mulcahey v. Emigrant Industrial Savings Bank, 89 N. Y. 436. But, argues the defendant company, there would be no such exposure, because the court has found that the engineering corporation's relation to the controversy, as to who was entitled to recover the deposit, was merely formal, in that it was shown that the company has no real or beneficial interest in the deposit. But how could that question be decided in this action, which related to the ownership of the debts created by the deposits referred to in the complaint, without making all the joint depositors, who are living, parties to the action? Surely as to those not sued the judgment is not conclusive. Conklin v. Guaranty Co. (C. C. A.) 266 F. 361.

The rule of the common law is well fixed. Farni v. Tesson, 1 Black, 309, 17 L. Ed. 67, was an action at law upon an injunction bond. Plaintiff brought action on a bond given upon an injunction against the enforcement of a judgment at law. He failed to make as parties three certain obligees to whom the bond had been given, and selected only two of the four who executed the bond to defendant. The complaint averred that the plaintiff was the only one interested in the judgment enjoined, and that one of the obligees was the official who held the execution enjoined, and that the others were merely the agents or trustees of Tesson. The Supreme Court invoked the elemental principle that, where a contract is joint and not several, all the joint obligees who are alive must be joined as plaintiffs. It was said:

"When there are several covenants by the obligors, as, for instance, to 'pay $300 to A and B, namely, to A $100, and B $200,' no doubt each may sue alone on his several covenant. The true rule, as stated by Baron Parke, is that 'a covenant may be construed to be joint or several, according to the interest of the parties appearing upon the face of the obligation, if the words are capable of such construction; but it will not be construed to be several, by reason of several interests, if it be expressly joint.'" Himes v. Schmehl (C. C. A. 3) 257 F. 69; Burkett v. Lehman, 8 Okl. 84, 56 P. 856; Barney v. Baltimore, etc., 73 U. S. 280, 18 L. Ed. 825.

Cases where the depositary has voluntarily paid one of the joint depositors are to be distinguished, for in them the bank by its action has dispensed with the necessity of joining in subsequent litigation the one to whom payment has been made. Boston & Maine R. v. Portland, etc., Co., 119 Mass. 498, 20 Am. Rep. 338.

Passing to the second deposit, it seems apparent that by the letter of November 19, 1923, giving to the bank irrevocable authority to pay checks on the deposit "only" when they bore the signature of Beardsley, as well as of the company, and requiring Beardsley's approval, with his signature, before any payments from the account could be made, the plain purpose was to make Beardsley's signature necessary in order to withdraw any part of the deposit. We think his signature was necessary. If, as was found by the court, the letter was given as a security to Beardsley and the engineering corporation for the performance of the obligations of the plaintiff under the construction contract, including payment of profits or commissions of the engineering corporation, then authority so given could not be revoked without the consent of all

472

interested parties. Hunt v. Rousmaniers, Admr., 8 Wheat. 174, 5 L. Ed. 589; Pacific Coast Co. v. Anderson (C. C. A. 9) 107 F. 973.

Citing section 50 of the Judicial Code (28 USCA § 111), it is argued that the court properly assumed jurisdiction to determine the rights of the parties before it, for the reason that the engineering corporation and Beardsley were not inhabitants of, nor were they found within, the District of China, nor did they voluntarily appear. But, if we are right in the opinion that the joint depositors were indispensable parties to the action, then the law has cast upon the defendant in error the burden of procuring the presence of all such parties. New York Life Ins. Co. v. Smith (C. C. A. 9) 67 F. 694, certiorari denied 159 U. S. 262, 15 S. Ct. 1041, 40 L. Ed. 145; Franz v. Buder (C. C. A. 8) 11 F. (2d) 854, certiorari denied 273 U. S. 756, 47 S. Ct. 459, 11 L. Ed. 876.

Gregory v. Stetson, 133 U. S. 579, 10 S. Ct. 422, 33 L. Ed. 792, was an action wherein a promissory note, which was involved in litigation, had been delivered to Stetson as stakeholder or bailee by the attorneys for the respective parties to the litigation. Stetson executed a receipt to the attorneys, stating that he held the note subject to their joint order, to be dealt with as they might jointly direct. Thereafter Gregory, one of the parties to the suit, sued Stetson in equity for the proceeds of the note, setting up that he was entitled to such proceeds by virtue of an arbitration award made after the delivery of the note to Stetson, defendant. The other party to the original action was not made a party to the equity suit, for the reason that she was a nonresident and beyond the jurisdiction of the court. The court held that she and the two attorneys were indispensable parties to the equity suit, and that there could be no adjudication directly upon their rights without having them actually or constructively before it; that by the terms of the contract, made subsequent to the termination of the proceedings before the referee, the note in dispute was to be held by the bailee, Stetson, subject to the joint order and direction of the respective attorneys of the parties; that it was too plain to require argument that certain persons named in the receipt given by Stetson all had such an interest in the subject-matter of the contract as to bring the case within the elemental rule, and that, notwithstanding the statute (section 737, Rev. St. U. S., now section 50, Judicial Code) and equity rule 47,

as then prevailing, the trial court could make no decree in the suit in the absence of the parties whose rights were necessarily affected thereby. Shields v. Barrow, 17 How. 130, 15 L. Ed. 158; Ribon v. R. R. Co., 16 Wall. 446, 21 L. Ed. 367. The doctrine of that case is controlling of this, and our conclusion is that, without the presence of the engineering corporation and Beardsley as parties, the court below could award no judgment in the suit.

The judgment is reversed, and the cause is remanded for further proceedings.