Thomas R. CLABBEY, Individually, and Thomas R. Clabbey, Executor of the Estate of Alice M. Clabbey, Deceased, Appellant,

v.

FIRST NATIONAL BANK, a Corporation, Respondent.

No. 22880.

Kansas City Court of Appeals.

Missouri.

Feb. 2, 1959.

John M. Belisle, Morran D. Harris, Osceola, for appellant.

Everett E. Teel, Nevada, Watson & Tudor, Joplin, for respondent.

HUNTER, Judge.

This is an appeal from a judgment in favor of defendant-respondent, First National Bank of Nevada, Missouri, in a suit for $2,940 filed by plaintiff-appellant, Thomas R. Clabbey, as an individual, and Thomas R. Clabbey, as executor of the estate of his deceased mother, Alice M. Clabbey. Plaintiff is the sole heir of Alice M. Clabbey. Plaintiff's suit was for damages for alleged breach of contract by defendant bank in connection with a bank account in the names of Alice M. Clabbey and plaintiff.

In January, 1952, plaintiff and his mother were residing at different addresses in Eldorado Springs, Missouri. On January 10, 1952, Alice M. Clabbey made up a package consisting of $2,940 in currency and in the presence of her son, Thomas, had his wife write the following letter to Mr. J. R. Rhinehart, an officer of defendant bank:

"Eldorado Spgs Mo.
"Jan 10, 1952

"Mr. J. R. Rhinehart,
"Nevada, Mo.

"Dear Sir:—No doubt you have forgotten me is why I am using this letter.

"I fell down a flight of stairs in a basement on concrete floor and it has left me in awful bad shape.

"I am sending over $2940.00, I am so nervous I can't write plain so I want the account in my name and my son Thomas R. we will both have our signatures on the checks.

"/s/ Alice M. Clabbey
"112 W. Broadway

"Thos. R. Clabbey
"504 So. Kirkpatrick Dr."

The $2,940 was in the mother's possession in her apartment at the time she made up the package for delivery to defendant bank and none of it belonged to plaintiff.

The package and accompanying letter signed by Alice M. Clabbey and plaintiff were delivered by plaintiff to the mail carrier and on that same day delivered to the bank. The deposit slip made up by some one at defendant bank reads: "Alice M. Clabbey or Thos. R. Clabbey" with the notation on it "Checks to be signed by both parties." "2,940.00"

The bank ledger sheet shows the name:

"Alice M. Clabbey
112 W. Broadway, ElDorado Spgs., Mo.
or Thos. R. Clabbey
504 S. Kirkpatrick St., El Dorado Spgs."

There also appeared the accompanying notation "Both signatures on each check." At some time the word "and" was written over the word "or". This ledger sheet was used for all deposits.

On February 25, 1952, and before any withdrawals or additional deposits were made, Alice M. Clabbey sent a letter to the bank as follows:

"Will you please change the checking act I have jointley with my son and daughter in Law, Thomas and Beatrice Clabbey, to my personal act

with my signature only as with right to check on act.

"/s/  Alice M. Clabbey"

Thereafter various substantial deposits were made in the name of Alice M. Clabbey only.

Plaintiff never joined with his mother in writing checks or drawing on the account. Nor did he endeavor to withdraw any money in his own name. He did receive a check from his mother for $1,000 in April, 1952, drawn on defendant bank and signed by his mother. He cashed this check and used the proceeds for the purchase of an automobile. Plaintiff testified he had no knowledge that this money came out of the account in question but supposed she had another account in defendant bank although he knew of no such account. He made no inquiry of the bank with reference to any of the money on deposit in the account until after his mother's death on September 18, 1955.

On May 9, 1952, Alice M. Clabbey withdrew from the account in question $8,800 and thereafter made various other withdrawals and on August 8, 1952, withdrew the remaining amount and closed the account. On September 21, 1955, plaintiff made demand for the money deposited in the account and his demand was refused by defendant bank. This suit followed. In it plaintiff contends he is entitled to judgment for $2,940—one half in his individual capacity and one half as executor of the estate of his mother.

On a change of venue, the case was tried before Special Judge Walter E. Bailey without a jury. Thereafter because of Judge Bailey's illness a transcript of the proceedings and briefs of counsel were submitted to Judge Woodson Oldham, Special Judge, for determination. Judge Oldham made his findings of fact and conclusions of law and rendered judgment against plaintiff. Thereafter, plaintiff perfected his appeal.

■ This being a jury waived case, our duty is to review it upon both the law and the evidence as in suits of an equitable nature. Parks v. Thompson, 365 Mo. 700, 285 S.W.2d 687.

■ Plaintiff's position on this appeal essentially is that the evidence reveals the establishment of a joint account in the names of plaintiff and his mother requiring their joint signatures on any check and thereby establishing a donative intent on the part of deceased, resulting in either a gift or a trust and that neither his mother nor defendant bank without his consent could change the nature of the account so as to permit her alone to withdraw any funds therefrom.

Respondent's position is that the relationship created by the original bank deposit and the letter accompanying it constituted a debtor-creditor relationship between defendant bank and Alice M. Clabbey, an individual, with her son as a cosigner merely as a matter of convenience by reason of her disability and with her retaining the right to change the account at any time so as to require her signature only on a check. Respondent denies there was any intent on the part of plaintiff's mother to vest any interest in the bank account in plaintiff.

At the outset in his brief plaintiff concedes the correctness of the circuit court judgment in so far as all deposits subsequently to the $2,940 deposit are concerned. He acknowledges that his mother made these later deposits in her name only and that they became her personal account in which he had no interest.

■ It is not uncommon for bank accounts to be established in the name of two or more persons. The rights and duties as between the bank and those in whose name the deposit is made ordinarily are governed by the contract, express or implied, that results in the course of the establishment of the account.

■ ■ The general rule is that where several persons make a deposit to their joint credit in a bank the bank must have the signatures of all of them appended to a check against the fund, or take the risk of payment. Annotation, 61 A.L.R. 967; National City Bank of New York v. Harbin Electric Joint-Stock Co., 9 Cir., 28 F. 2d 468, 471, 61 A.L.R. 961. This is because the particular contract between the bank and the named depositors resulting from the joint credit deposit places that duty on the bank. The right to draw and the duty to pay as between the bank and those in whose names the deposit is made is determined by that contract.

■ However, where the money of one person is deposited to the account of himself and another, and the deposit is made for the mere convenience of the owner-depositor with no intention of passing any ownership to the other person in the fund deposited and that intent is expressed in the contract resulting between the bank and the depositor, the depositor is held to have retained the right to change the account so as to withdraw the fund on his signature only.

Thus, we are presented ultimately with a determination of the legal effect of the contract resulting when this particular account was opened, as expressed by the letter accompanying the deposit and the acceptance of the deposit by the bank. Essentially, it is the intention of the parties to the contract that governs.

We first consider the legal effect of the deposit as between plaintiff and his mother, for plaintiff claims an interest therein by gift or trust. The money was hers. The question is, did she make the deposit for the mere convenience of withdrawals, with no intention of passing any ownership in the fund to her son, or did she have a donative intent, and intend by such deposit to create a joint interest in her son by gift or trust.

■ It is well settled that where the only purpose of creating a joint account is to enable the "donee" to draw funds for the benefit of the donor, the "donee" acquires no ownership in the fund. The same is true where the contention is that the deposit constitutes a trust. Unless there is an unequivocal and declared intent on the part of the depositor to create a trust, no trust results from the mere fact the account is established in the name of two or more persons. See, 7 Am.Jur., Banks, Sec. 434, p. 306; 38 C.J.S. Gifts § 50, pp. 833–836; Annotations, 149 A.L.R. 879, 135 A.L.R. 993, 42 A.L.R. 605.

In 38 C.J.S. Gifts § 50, pp. 835–836, it is said: "The transaction will not, of course, be sustained as a gift * * * where the deposit was made merely for convenience. * * * Where the deposit by a person is in the name of himself and another, not his wife, the presumption is that it was done for the purposes of convenience only, and this presumption is strengthened by the illness or infirmity of the depositor."

In 7 Am.Jur., Banks, Sec. 509, pps. 363–64, the rule is stated, "The actual depositor has a right to demand payment from the bank if the money deposited was his own and he did not intend to transfer the beneficial ownership of the deposit to the person in whose name it was made."

In 9 C.J.S. Banks and Banking § 287, p. 598, the rule is expressed: " * * * a deposit may be made in the name of a person other than the depositor and yet remain the property of the depositor, so that the bank is justified in recognizing his ownership, where the circumstances are such that the deposit has not been put beyond his control."

In the instant case defendant bank took the risk of correctly construing the contract. We believe it did correctly construe it. The letter accompanying the deposit, signed by both plaintiff and his mother revealed that it was plaintiff's mother's money being deposited, and that the deposit was one solely for her convenience. As she stated therein, she had just sustained a bad fall and it had left her "in awful bad

shape." "I am so nervous I can't write plain so I want the account in my name and my son * * *"

There is nothing in this letter signed by both plaintiff and his mother indicating any donative intent or intent to vest any interest in the account in plaintiff. Rather, the intent disclosed is that plaintiff's name was on the account merely as a matter of convenience to Mrs. Clabbey who was under a disability from her recent fall. The bank correctly interpreted the relationship created by the deposit as constituting a creditor-debtor relationship between it and plaintiff's mother, with plaintiff as co-signer merely as a convenience to his mother. Under such circumstances plaintiff's mother had the right to change the account so as to require only her signature on a check.

For the reasons stated, the judgment of the trial court is affirmed. It is so ordered.

All concur.