MARTIN v. MARTIN

1. TRUSTS — PAROL TRUSTS — PERSONALTY — EVIDENCE — LAPSE OF TIME.

A parol trust of personalty may be established, but the evidence in support of the existence of that trust must be very clear and satisfactory, especially where a considerable period of time has elapsed since its alleged establishment.

2. TRUSTS—PAROL TRUSTS.

Voluntary parol trusts will not be created by the courts, but will only be enforced.

3. TRUSTS—PAROL TRUSTS—PERSONALTY—INSURANCE PROCEEDS—EVIDENCE.

A parol trust of personalty has not been adequately proven by the evidence where, although the plaintiffs' witnesses testified that the defendant beneficiary of insurance proceeds agreed to use the proceeds to establish a trust for the benefit of the plaintiffs, the insurance certificate itself made no reference to the existence of a trust relationship, but contained an outright designation of defendant as beneficiary.

4. APPEAL AND ERROR—PAROL TRUSTS—PERSONALTY—FINDINGS OF FACT.

The finding of the trial court that a parol trust of personalty has not been established by the evidence will not be overturned on appeal where the appellate court is not able to say that the evidence preponderates contrary to that decision.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 November 10, 1971, at Lansing. (Docket No. 9889.) Decided November 24, 1971.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 54 Am Jur, Trusts § 44.
[2] 54 Am Jur, Trusts § 15 et seq.
[4] 4 Am Jur, Appeal and Error § 76.

Complaint by Jeanine Martin, for herself and as next friend of her minor children, against Paul Martin, Sr., General Motors Corporation, and Metropolitan Life Insurance Company to have the proceeds of an insurance certificate of which defendant Martin is the named beneficiary declared to be held in trust for the benefit of the plaintiffs. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Shanahan & Scheid,* for plaintiffs.

*Peter Sloan,* for defendant Paul Martin, Sr.

Before: McGREGOR, P. J., and FITZGERALD and QUINN, JJ.

PER CURIAM. Plaintiffs, wife and children of decedent Paul L. Martin, commenced this action in the Genesee County Circuit Court on September 30, 1969. Action was brought to obtain, as against defendant-beneficiary Paul Martin, Sr., father of decedent, the proceeds of a certificate of insurance issued on the life of decedent-insured.

A nonjury trial was held in May 1970. The court, by opinion issued June 2, 1970, determined that defendant had an unrestricted right to the proceeds of the insurance policy in question, in the amount of $7,300. A judgment of no cause for action was entered accordingly on July 13, 1970. This appeal followed as a matter of right.

The insurance certificate in question represented decedent's interest in a group policy of insurance issued by defendant-insurer, Metropolitan Life Insurance Company, to defendant, General Motors Corporation, decedent's employer. The policy, pursuant to which decedent became insured in October 1961, was in effect at the time of his death, Septem-

ber 13, 1969, and provided life insurance protection on a contributory basis to eligible employees of defendant corporation, for whom premiums were paid by the corporation.

The record reveals that the beneficiary of insurance form, executed by decedent in 1961 when he applied for the insurance in question, designated defendant father as "Beneficiary". Testimony of plaintiff wife showed that decedent had designated his father, the defendant herein, as beneficiary so that he would be reimbursed for expenses incurred on decedent's behalf in the event that something happened to decedent-insured. Other testimony of plaintiffs' witnesses revealed that defendant had expressed his intention to place the insurance proceeds in a trust for the benefit of plaintiff children. Defendant, testifying upon the trial of this cause, denied, however, that he had at any time mentioned placing the insurance proceeds in a trust; and denied that he had agreed to act as a trustee of the proceeds.

Defendant insurer, on December 23, 1969, filed a complaint of interpleader, pursuant to which it and defendant, General Motors Corporation, were discharged from liability and dismissed as parties; defendant insurer having paid into court the amount of its admitted liability.

Plaintiffs contend that the trial court committed error in finding that a trust in the insurance proceeds in question had not been created by decedent-insured and that the defendant, as named "beneficiary", was entitled to the unrestricted right to the proceeds thereof. Plaintiffs assert that sufficient parol evidence was presented to establish decedent's intention of creating a trust in the insurance proceeds in favor of plaintiffs, and that all of the elements of a trust were shown to exist.

It has been held in this state that to establish a parol trust of personalty, the evidence in support of the existence of the trust must be very clear and satisfactory. *Harmon* v. *Harmon* (1942), 303 Mich 513, 519. This is especially so where, as here, a considerable period of time has elapsed. 89 CJS, Trusts, § 35, p 761; *In re Lane's Estate* (1937), 281 Mich 70. In the instant case, the insurance certificate issued on the life of decedent made no reference to the existence of a trust relationship, but rather contained an outright designation of defendant as beneficiary of the proceeds thereof. Voluntary parol trusts will not be created by the courts, but will only be enforced. See, 89 CJS, Trusts, § 45, pp 786, 787.

This Court, after carefully weighing the evidence in this cause, is of the opinion that the trial court properly determined that a trust had not, by clear and satisfactory proof, been established as having been intended by decedent insured. Nor is this Court able to say that the evidence preponderates contrary to the decision of the trial court. *Osius* v. *Dingell* (1965), 375 Mich 605; *Masters* v. *Consumers Power Company* (1970), 28 Mich App 67; *Parcells* v. *Burton* (1969), 20 Mich App 457. Accordingly, defendant beneficiary would be under a moral duty only to provide for plaintiffs out of the proceeds of the insurance certificate in question.

Affirmed without costs.