LIBERTY BANK AND TRUST v ALLIED TRADES
APPRENTICESHIP

1. GARNISHMENT—BANK ACCOUNTS—TRUSTS—TRUSTEES—PERSONAL
   LIABILITY.
   Funds in bank accounts in the name of a union were properly
   determined to be held in trust where testimony revealed that
   the accounts were depositories for funds set aside for the
   benefit of union employees, where it was stated that disburse-
   ments from the funds could be properly made only after ap-
   proval was obtained from the trustees of the fund, composed of
   an equal number of union and management representatives,
   and where, according to a certified public accountant, the
   treatment of the funds in the accounts indicated the existence
   of a trust relationship and that the bank recognized the trust
   character of the accounts; therefore, the accounts were not
   subject to garnishment to satisfy the personal liability of the
   trustees (MCLA 600.4011; GCR 1963, 738).

2. GARNISHMENT—BANK ACCOUNTS—TRUSTS—CORPORATIONS—ARTI-
   CLES OF INCORPORATION.
   The failure of a union to file articles of incorporation in no way
   affects the validity of trust accounts opened in the name of a
   union corporation for the benefit of union employees; therefore,
   the monies in such accounts were not owed to the trustees who
   had opened the accounts, and the funds were not subject to
   garnishment to satisfy the personal liability of the trustees.

Appeal from Wayne, Thomas Roumell, J. Sub-
mitted Division 1 June 4, 1973, at Detroit. (Docket
No. 15144.) Decided November 1, 1973.

Liberty State Bank and Trust obtained a default
judgment against Allied Trades Apprenticeship,
United Construction Trades Union Local 124 of
Michigan, Calvin Stubbs, Ira L. Kiner, and Samuel

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 6 Am Jur 2d, Attachment and Garnishment §§ 161–163, 194.

Pruett and filed a writ of garnishment against the defendants upon National Bank of Detroit. The defendants' motion for release of garnishment funds was granted. Plaintiff appeals. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiff.

Before: BRONSON, P. J., and V. J. BRENNAN and WALSH,* JJ.

V. J. BRENNAN, J. On June 29, 1970, a default judgment was entered against defendants, Allied Trades Apprenticeship, United Construction Trades Union Local 124 of Michigan, Calvin Stubbs, Ira L. Kiner, and Samuel Pruett, jointly and severally. Because the judgment was not satisfied, plaintiff filed a writ of garnishment. The National Bank of Detroit, in its disclosure, revealed that it had no account in the name of United Construction Trades Union Local 124 of Michigan but that it was indebted upon the following accounts in the name of "United Construction and Trades Union Local 124, a Michigan corporation":

"Fringe Benefit Health & Welfare account in the sum of $4,033.50. Fringe Benefit Holiday & Vacation account in the sum of $3,429.95. Fringe Benefit Pension account in the sum of $72.02."

After a motion to release the garnishment of these accounts was filed, a hearing was held to determine the nature of the accounts. At this hearing testimony was presented revealing that these accounts were depositories for funds set aside for the benefit of union employees. It was also stated that disbursements from the funds

---

* Circuit judge, sitting on the Court of Appeals by assignment.

could properly be made only after approval was obtained from the trustees of the fund, composed of an equal number of union and management representatives. No trust agreement was filed with the National Bank of Detroit, however, and withdrawals, at the time of garnishment, could be made by union or management representatives alone. A special certified public accountant, Mr. Samuel Geller, was appointed to aid the trial court in determining the character of the funds. Mr. Geller, in his report to the court, stated that the treatment of the funds in the accounts indicated the existence of a trust relationship and that the bank recognized the trust character of the accounts. Indeed, the branch manager of the bank testified that he had been told that the accounts were for trust funds. He also testified that a union representative had informed him that trust agreements did exist and that the bank would be provided with them.

The judge below specifically found that these funds were trust funds, that the National Bank of Detroit did in fact know of the trust nature of the accounts, that the funds were at all times used in conformance with the trust purposes, and that the funds could not, therefore, be subject to garnishment to satisfy the personal liability of the principal defendants. The judge thereupon ordered the funds released from garnishment. It is from this decision that plaintiff appeals.

In seeking to overturn the order below, plaintiff urges that the trial court erred in determining that the accounts in question were trust accounts. We have carefully reviewed the record in this case and are of the opinion that the trial court properly determined that the funds in these accounts were held in trust. We find ourselves unable to say that

the evidence presented below preponderates contrary to the decision of the trial court. *Martin v Martin,* 37 Mich App 208; 194 NW2d 552 (1971). We also are of the opinion that the trial court properly determined that funds held in trust cannot be subject to garnishment to satisfy the personal liability of the trustees.

MCLA 600.4011; MSA 27A.4011 gives the circuit courts of Michigan the power to garnish "an obligation owed to the person against whom the claim is asserted * * * ". GCR 1963, 738, implementing the above statute, provides in relevant part:

".5 Liability of Garnishee. Subject to the provisions of the garnishment statute and any setoff permitted by these rules, the garnishee may be held liable to the plaintiff in the amount of any and all of the following

* * *

"(1) All tangible or intangible property in his possession or control at the time of the service of the writ upon him *belonging to the principal defendant.*

* * *

"(4) Except as to debts evidenced by negotiable instruments, all debts *owing* by the garnishee to the principal defendant * * * ." (Emphasis added.)

The funds in this case, held by the principal defendants in their capacity as trustees, are not funds belonging to or owing to them personally and cannot, therefore, be subject to garnishment under the above statute or implementing court rule. See Bogert, Trusts and Trustees (2d ed), § 146; Scott on Trusts (3d ed), § 308.

Plaintiff's second and final contention revolves around the fact that at the time of the garnishment there were no corporations with the following names on file with the Michigan Department of Treasury: United Construction and Trades Un-

ion Local 124 of Michigan; United Construction and Trades Union Local 124; United Construction Trades Union Local 124 of Michigan. Plaintiff maintains that since the principal defendants were among those who opened the accounts and since the union local was not registered as a corporation, the monies in the accounts were owing to the principal defendants and could, therefore, be subject to garnishment. This argument ignores the fact that the principal defendants herein were trustees of these funds. Whether the articles of incorporation were filed or not in no way affects the validity of the trust. *Hamburger v Bank of Detroit,* 218 Mich 173; 187 NW 535 (1922), relied on by plaintiff in support of his position, has no application to this type of trust situation.

Affirmed.

All concurred.